CHARLES QUIGLEY, Appellant, *v* WILLIAM R. GORHAM,
Sheriff, Respondent.

The words of a statute must be interpreted according to their common accepta-
tion.

In the Act which exempts certain articles from execution, the term "wagon" is
intended to mean a common vehicle for the transportation of goods, wares, and
merchandize.

A hackney coach used for the conveyance of passengers is a different article, and
does not come within the equity or literal meaning of the Act.

APPEAL from the District Court of the Twelfth Judicial District, San
Francisco County.

*Haights & Gary*, for Appellant.

Cited Dwarris on Statutes, 702, 729.    4 Burr, 471.    5 Denio, 119.
6 How. Prac. R., 20.

*F. M. Pixley* and *John V. Wattson*, for Respondent.

Argued, that the statute should be construed liberally, and cited
Wheeler *v.* Cropsey, 5 How. Pr. R., 288.    Patten *v.* Smith, 4 Conn.,
450.    11 Illinois, 584.    Lowler *v.* LeRoy, 2 Sanf., 217.

HEYDENFELDT, J., delivered the opinion of the Court.    MURRAY, C. J.,
concurred.

The words of a statute must be interpreted according to their com-
mon acceptation.    In the Act which exempts certain articles from
execution, the term "wagon" is intended to mean a common vehicle
for the transportation of goods, wares, and merchandize of all descrip-
tions.    A hackney coach used for the conveyance of passengers is a
different article, and does not come within the equity or literal meaning
of the Act.

Judgment reversed, and cause remanded.