[Civ. No. 1721. Third Appellate District.—October 25, 1917.]

## E. B. PERRIN, Appellant, v. CARRIE M. MILLER et al., Respondents.

STATUTORY CONSTRUCTION—INTERPRETATION OF WORDS.—The words of a statute must be interpreted according to their common acceptation, and where a word having a technical as well as a popular meaning is used in a statute, the courts will accord to it its popular signification.

DISMISSAL OF ACTION—FAILURE TO BRING TO "TRIAL"—CONSTRUCTION OF SECTION 583, CODE OF CIVIL PROCEDURE.—As used in section 583 of the Code of Civil Procedure, providing for the dismissal of an action not brought to trial within five years after answer filed, the word "trial" has reference to the hearing and determination of the issues of fact, and not of law.

ID.—EXPIRATION OF STATUTORY PERIOD—ABSENCE OF WRITTEN STIPULATION EXTENDING TIME—ACTION PROPERLY DISMISSED.—Under section 583 of the Code of Civil Procedure, providing that an action shall be dismissed unless brought to trial within five years after the filing of the answer, except where the parties have stipulated in writing that the time may be extended, an action is not brought to trial by the filing and hearing of a demurrer to the answer, and where more than six years had elapsed from the filing of the answer and no written stipulation extending time had been entered into, the action was properly dismissed, notwithstanding plaintiff's attorney was relying on an alleged oral understanding that the trial might be taken up at the pleasure of plaintiff's attorney.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge.

The facts are stated in the opinion of the court.

A. E. Bolton, and Randolph V. Whiting, for Appellant.

C. E. McLaughlin, and C. P. McLaughlin, for Respondents.

35 Cal. App.—9

HART, J.—The appeal is by the plaintiff from a judgment of dismissal because of his failure to bring the action to trial within five years after the answer was filed, pursuant to the provisions of section 583 of the Code of Civil Procedure. Said section, so far as applicable here, reads:

" . . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court on its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended."

The complaint in this action was filed on October 20, 1908, and the answer and cross-complaint on January 5, 1909. A demurrer to the answer and cross-complaint was filed on February 1, 1909, more than six years before the motion to dismiss the action was made. While the record discloses the fact that said demurrer was overruled, it does not show at what date such action was taken, but it is stated in respondents' brief that it occurred more than five years before the making of the motion to dismiss.

Said motion to dismiss the action was heard upon affidavits. C. E. McLaughlin, attorney for defendants, whose affidavit was dated May 14, 1915, deposed that at no time since the answer was filed had any stipulation been entered into, in writing or otherwise, extending the time in which said action might be brought to trial; that, in September, 1913, affiant and A. E. Bolton, attorney for plaintiff, had a conversation in substance as follows: That said Bolton said to affiant: "We must arrange to try the case of *Perrin* v. *Miller*. It should have been tried before this, but Perrin has had so much trouble with the government, and has been so annoyed, and so much of my time has been taken up in connection with his difficulties, that we have never seen our way clear to try the case"; that affiant replied to said statement: "We are ready to try the case at any time, but a date must be fixed which will not interfere with my other engagements."

The affidavit of A. E. Bolton, attorney for plaintiff, referring to said conversation with Judge McLaughlin in 1913, was in practical accord with the latter's statement regarding the troubles of his client with the government, and pro-

ceeded: "That affiant does not remember the exact conversation that took place at that time, but as affiant understood the substance thereof, said McLaughlin said he would take up the trial of said cause at the pleasure of affiant; and affiant assured said McLaughlin that there was no disposition on the part of affiant or said Perrin to put off the trial of the case; that the difficulties arose by reason of the condition of the affairs of said Perrin." It is also stated that "affiant, by reason of the understanding of affiant, was taken by surprise" when he learned from Judge McLaughlin, in March, 1915, that his clients were insisting that the cause be dismissed, and "that affiant had relied upon said understanding."

Appellant, in his brief, says that, "After the demurrer of the plaintiff to defendant's answer and cross-complaint had been overruled, no notice of the overruling of the demurrer was given to the plaintiff," and further states: "If the action was brought to trial by the filing and hearing upon the demurrer to the answer, then the action had been brought to trial and was pending, and could not be dismissed." The following cases are cited holding that "a trial is the examination before a competent tribunal of the facts or law—that is, when a court hears and determines any issue of fact or of law for the purpose of determining the rights of the parties, it may be considered a trial." (*Tregambo* v. *Comanche M. Co.,* 57 Cal. 504; *Redington* v. *Cornwell,* 90 Cal. 62, [27 Pac. 40]; *Flagg* v. *Peterbaugh,* 98 Cal. 136, [32 Pac. 863]; *Botto* v. *Vandament,* 67 Cal. 332, [7 Pac. 753]; *Goldtree* v. *Spreckels,* 135 Cal. 669, [135 Pac. 1091].) Appellant then says: "At the time of the enactment of section 583 in 1905, the word 'trial' had by these decisions been given a distinct meaning."

Said section 583 was first before the supreme court in the case of *Romero* v. *Snyder,* 167 Cal. 216, [138 Pac. 1002], wherein it was said that the section fixes "a maximum period of five years, upon the expiration of which the delay is declared to be sufficient as a matter of law and the dismissal is made mandatory."

In *Larkin* v. *Superior Court,* 171 Cal. 719, [Ann. Cas. 1917D, 670, 154 Pac. 841], the court said: "Unless the parties have, in effect at least, stipulated in writing that the action need not be brought to trial within five years from

the date of the filing of the answer, it must be dismissed at the expiration of such five years, if not 'brought to trial' within that time. . . . It is a stipulation in writing extending the *five year period* that the statute provides for, and without such a stipulation, certainly in the absence of some element of estoppel, there can be no effective answer to a motion to dismiss, if the action has not been 'brought to trial' within such period. The language of the statute is so plain in this regard that no other intent can be attributed to the legislature. We are not concerned here with the exact meaning of the term 'brought to trial,' for it is manifest that with whatever liberality we construe it in favor of plaintiff here, this action was not brought to trial within five years of the date of filing the answer."

In the case before us it becomes necessary that we should determine what was the intention of the legislature when it used the expression, "brought to trial."

Our supreme court has declared that "the words of a statute must be interpreted according to their common acceptation" (*Quigley* v. *Gorman*, 5 Cal. 418, [63 Am. Dec. 139]; *Cross* v. *Fowler*, 21 Cal. 393; *People* v. *Reis*, 76 Cal. 269, [18 Pac. 309]), and also that "where a word, having a technical as well as a popular meaning, is used in a statute, the courts will accord to it its popular signification." (*Weill* v. *Kenfield*, 54 Cal. 111.)

There can be no question that, applying the above rules of construction to the section under consideration, the "common acceptation" and the "popular signification" of the word "trial" must be construed as referring to a hearing and determination of the issues of fact involved. To hold otherwise would be to give to the word a strained and technical meaning. If the judge of a superior court in this state should announce that he would proceed to set cases for trial, every attorney present would know that he meant that the issues of fact were to be tried. There may be several "trials" of issues of law besides the ruling on a demurrer, such as an order granting or denying a motion to change the place of trial, the ruling on a request of a party to be permitted to amend pleadings, etc. It is inconceivable that, if its attention had been directed to the various "trials" possible in an action, the legislature should have been so careless as not to have inserted in the section words definitely

indicating whether the trial referred to was one of fact or of law.

If, as we hold, the word "trial" means the trial of the issues of fact, we are unable to perceive any just reason why the judgment should be reversed. Said section 583 is mandatory in its terms. It directs that an action *"shall* be dismissed by the court . . . except where the parties have stipulated in writing that the time may be extended." More than six years had elapsed since the filing of the answer and no written stipulation extending time had been entered into. If the conversation between the counsel for the respective parties, in September, 1913, was as stated by appellant's attorney, to have prevented the terms of the section from applying to his cause of action, the understanding should have been reduced to writing in the form of a stipulation to extend the time of trial and signed by the attorneys for both parties. By the entering into of such a written stipulation only could the imperative mandate of the section have been made unavailing to the defendants.

Much space is devoted in the briefs to a discussion of various questions arising under the pleadings—as to who are necessary parties, whether the demurrer to defendants' cross-complaint was properly overruled, etc. Inasmuch as we hold that the action was properly dismissed, we conceive it to·be unnecessary to examine and decide the questions thus discussed.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.