[S. F. No. 15576.   In Bank.—April 14, 1936.]

SUPERIOR OIL COMPANY (a California Corporation), Petitioner, v. THE SUPERIOR COURT OF KINGS COUNTY et al., Respondents.

Chandler, Wright & Ward for Petitioner.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondents.

SHENK, J.—This is a proceeding in *mandamus* to compel the respondent court to dismiss an action pending therein. Said action was commenced on January 22, 1930, and is entitled *"The People of the State of California, on relation of Fred S. Stevenot, Director of Natural Resources of the State of California, Plaintiff,* v. *Felix Oil Company, et al., defend-*

*ants,"* No. 6222 in the files of said court. The petitioner herein is one of the defendants therein.

The action was brought under the authority of the Oil and Gas Conservation Act. (Stats. 1915, p. 1404, as amended by Stats. 1929, p. 923.) The purpose of the action was to enjoin the alleged unreasonable waste of natural gas in the north dome area of the Kettleman Hills oil field. Upon the filing of the complaint an order was issued and served on the defendants requiring them to show cause why a preliminary injunction should not issue enjoining them, pending the trial of said action, from doing the things complained of. Upon the hearing of the order to show cause the court required the parties to make their showing by affidavits. Oral evidence was not permitted. After numerous hearings and a showing by affidavits in the manner prescribed, the court issued a preliminary injunction under date of April 13, 1931. This order contained the following statement: "That the evidence available to the court at this time shows that the unreasonable waste of natural gas from said North Dome Area of Kettleman Hills oil field can be substantially reduced and the equities of all parties be fairly conserved until the trial of this action and the entry of the final judgment herein by a preliminary injunction which will limit the gas-oil ratio at which oil and gas may be produced without unreasonable underground waste and limit the quantity of natural gas which may be released to the air as hereinafter provided." The court reserved in the order itself the jurisdiction to hear and determine any application to modify the terms of the temporary injunction or to discharge the same. On application of certain of the defendants the temporary injunction was modified on April 28, 1931. Again, on June 16, 1934, the injunctive order was modified in accordance with a stipulation of the parties by striking therefrom the requirement that the defendants file certain monthly reports.

Neither "the trial of the action" nor the "entry of final judgment herein" as contemplated by the language of the preliminary injunction has taken place, and the parties have not stipulated in writing for an extension of the time of trial.

On November 12, 1935, the petitioner, on notice, moved in the trial court to dismiss the action on the ground that the same had not been "brought to trial within five years after the plaintiff has filed his action", and that the parties have

not "stipulated in writing that the time may be extended". The motion was denied.

Prior to the amendment in 1933, section 583 of the Code of Civil Procedure required the dismissal of any action unless it was brought to trial within five years after the filing of the answer. The amendment, effective August 21, 1933, required the dismissal of "any action heretofore or hereafter commenced" unless the same be brought to trial within five years after "the plaintiff has filed his action". The requirements of this section are mandatory and they are retroactive by express language of the statute. They apply to actions pending at the time of the enactment, but are subject to one exception, viz., that in order to render the retroactivity of the amendment effective in any particular case, a reasonable time must elapse after the change in the remedy to permit the party affected to safeguard his right as against a mandatory dismissal. (*Rosefield Packing Co.* v. *Superior Court*, 4 Cal. (2d) 120 [47 Pac. (2d) 716]; *Murphy* v. *Murphy*, 5 Cal. (2d) 640 [55 Pac. (2d) 1169]; 9 Cal. Jur., p. 542.)

In the present case the five-year period from the filing of the complaint expired January 22, 1935. The time from the effective date of the amendment of section 583, to wit: August 21, 1933, to the expiration of the five-year period was one year and five months. This period must be deemed a reasonable time within which to bring the action to trial after the effective date of the amendment. The action must therefore be dismissed unless the respondent is right in either one of two main points.

It is first contended that there was in effect a trial of the action as contemplated by section 583 when the court received and considered evidence by affidavit on the order to show cause why a preliminary injunction should not be granted and on the motion to modify the preliminary injunction. No authority is cited in support of this contention and none has been discovered. The term "trial" as applied to one of the steps in the disposition of an action is well understood in the practice in this state. It is the trial of the issues of fact (*Perrin* v. *Miller*, 35 Cal. App. 129 [169 Pac. 426]), the purpose of which is to determine the cause on the merits, and it is not completed until the decision of the court is made and filed with the clerk (*Broder* v. *Conklin*, 98 Cal. 360 [33 Pac. 211]; sec. 632, Code Civ. Proc.), unless findings be

waived (sec. 634, Code Civ. Proc.). Whether made and filed or waived, judgment may then be entered and the cause thus be disposed of on the merits. On the trial the parties have the right of cross-examination. (Sec. 2048, Code Civ. Proc.) On the hearings on the order to show cause the privilege of orally examining and cross-examining witnesses was denied by the court. All answers to the complaint were required to be filed on or before December 2, 1930, and it must be assumed that the cause was ready to be set for trial after the issues of fact were thus joined. In *Bandini* v. *Superior Court*, 284 U. S. 8 [52 Sup. Ct. 103, 76 L. Ed. 136, 78 A. L. R. 826], involving the effect of a preliminary injunction in a similar case, it was correctly assumed that under the practice in this state a trial on the merits would ordinarily follow the hearing and issuance of the preliminary injunction. In June, 1932, one of the defendants in said action moved the court to set the cause for trial. There was much discussion as to a trial date convenient to counsel for all parties, but no date prior to the service and filing of the notice to dismiss was fixed. The defendant's motion to set was continued from time to time until February 27, 1934, when said motion and other motions and matters on the calendar that day were, on motion of counsel for the plaintiff in said action, stricken from the calendar. It does not appear that the attention of the court was ever called to the fact that time was running under section 583, or that the five-year period thereunder was about to expire. It may be assumed that the trial court had considerable evidence before it in order to enable it to determine whether the preliminary injunction should issue, and it is undoubtedly true that this evidence, if properly introduced at the trial, would have been determinative of some or many issues of fact. But the dismissal of an action for lack of prosecution is without regard to the merits or demerits of the cause of action. (*Los Angeles* v. *Superior Court*, 185 Cal. 405, 414 [197 Pac. 79]; *Bell* v. *Solomons*, 162 Cal. 105 [121 Pac. 377].)

█ It is argued that because of the peculiar nature of the subject matter of the action and the relief sought it was advisable if not necessary that sufficient time elapse before the trial to enable the parties to accumulate evidence of wastage of gas and related subjects as shown by tests and experience in operations in the field so that the court could with more

certainty establish an equitable gas-oil ratio and other regulations for the benefit of all parties. However desirable this course of procedure might have been, the fact is that the statutory time was running and the plaintiff could have protected its rights either by a stipulation of the parties for an extension of time, or by having the case brought on for trial. It is not unusual for a court, when the trial has once commenced, to continue the hearing from time to time upon a proper showing in order that further evidence be available. The detriment suffered by a dismissal of the action is that in order to pursue the remedy further another action will have to be commenced. It is conceded by all parties that a dismissal of the pending action will not operate as a bar to a subsequent suit. If such suit be filed undoubtedly the facts obtained by tests and experience in operation since the filing of the pending action will be available.

The second point made by the respondent is that the state of California is not bound by a general statute unless by its terms such statute expressly binds the state; and that since section 583 is a general statute and does not expressly bind the state, the state is not bound thereby. In support of the contention numerous cases are cited, all of which relate to substantive rights of the state and are not in point here.

The question is: When the state enters the courts as a litigant is it bound by general rules of practice and procedure established for the proper functioning of the courts in the discharge of their duties?

The respondent has cited no authority which would warrant a negative answer to the question. The cases cited by the petitioner in support of an affirmative answer are numerous. Very much in point is *People* v. *Kings County Dev. Co.*, 48 Cal. App. 72 [191 Pac. 1004]. There the trial court, on motion of the defendant, had dismissed the action on the ground that summons had not been served within three years after the commencement of the action, as required by section 581a of the Code of Civil Procedure. The order was affirmed after a thorough consideration and discussion, with citation of supporting authorities, of the question whether the state was bound by the rules of procedure laid down in section 581a, which has the same general purpose as the rule prescribed by section 583 here involved. The one requires sum-

mons to be served and a return thereon within three years after the action is brought. The other requires the action to be brought on for trial within five years after the filing of the complaint. Failure to comply with either section makes the dismissal of the action mandatory on the court. The respondent seeks to distinguish that case from the present proceeding on the ground that there the state was suing to enforce or protect a proprietary right; that here a governmental or sovereign right is involved, and that the rule should be different, depending on the capacity in which the state sues. No such distinction can be made. Referring to section 581a the court in *People* v. *Kings County Dev. Co., supra,* at page 79, stated: "It will be observed that the section is in such sweeping language as to admit of no other construction than that the legislature intended not to except from its operation any litigant or any action by whomsoever commenced. It reads: *'No action* heretofore or hereafter commenced shall be further prosecuted,' etc." So here section 583 is likewise all-inclusive. It reads: "Any action heretofore or hereafter commenced shall be dismissed," etc.

In addition to the cases cited by the court in support of the holding in the Kings County Development Company case, other cases announcing the same doctrine are the following: *State* v. *Kilburn,* 81 Conn. 9 [69 Atl. 1028, 129 Am. St. Rep. 205], *State* v. *Bowen,* 38 W. Va. 91 [18 S. E. 375]; *People* v. *Canal Board,* 55 N. Y. 390, 395, *State.* v. *Buttles' Executor,* 3 Ohio St. 309, 319, 320, and *State* v. *Kennedy,* 60 Neb. 300 [83 N. W. 87].

We conclude that the pending action has not been brought to trial within the statutory period and that the plaintiff therein is bound by the provisions of section 583 of the Code of Civil Procedure. It was therefore the duty of the court to dismiss the action. *Mandamus* is a proper remedy. (*Anderson* v. *Superior Court,* 187 Cal. 95 [200 Pac. 963].)

Let the peremptory writ issue as prayed.

Seawell, J., Curtis, J., Langdon, J., Thompson, J., Waste, C. J., and Conrey, J., concurred.