[Civ. No. 3210.   Fourth Dist.   Nov. 25, 1942.]

JOHN MEIER et al., Petitioners, v. THE SUPERIOR COURT OF ORANGE COUNTY et al., Respondents.

Monte C. Fiscus and Eldred L. Eaton for Petitioners.

Frank Aspinwall for Respondents.

BARNARD, P. J.—This is a proceeding in prohibition to restrain the respondent court from proceeding with the trial of a certain action.

The action in question was brought by the respondent Adolph Meier against these petitioners on February 4, 1937. A default judgment was entered against them on March 6, 1937. On April 15, 1937, they filed notice of a motion to set aside this default judgment, accompanied by their proposed answers. On October 18, 1937, the court entered an order granting this motion, setting aside the default judgment and allowing the proposed answers to be filed. Thereafter, demurrers to the answers were sustained with leave to amend. On February 21, 1939, amended answers were filed. On March 10, 1939, the plaintiff Adolph Meier filed demurrers to the amended answers. Nothing further was done until April 18, 1942, when these petitioners served and filed notice that on May 1, 1942, they would move the court to dismiss the action on the ground that the same had not been brought to trial within five years after the complaint was filed. A number of motions and orders followed which need not be here set forth. The net result is that the court refused to dismiss the action and set the same for trial. This proceeding followed.

The respondent Adolph Meier contends that a "trial" includes all rulings of the court in passing upon the issues of a case and that, therefore, the hearing and determination on October 18, 1937, of the motion to set aside the default judgment, and the later sustaining of demurrers to the first answers filed constituted a trial within the meaning of section 583 of the Code of Civil Procedure. It is not claimed that the parties have stipulated in writing for an extension of the period provided for in section 583 and, under such circumstances, the requirements of that section are mandatory. (*Superior Oil Co.* v. *Superior Court,* 6 Cal.2d 113 [56 P.2d 950].) It has frequently been held that a partial trial within the prescribed period takes the case out of the operation of that section. (*Mercantile Invest. Co.* v. *Superior Court,* 218 Cal. 770 [25 P.2d 12]; *City of Los Angeles* v. *Superior Court,* 15 Cal.2d 16 [98 P.2d 207]; *Krasnow* v. *Superior Court,* 15 Cal.App.2d 141 [59 P.2d 442]; *Kosturos* v. *Municipal Court,* 51 Cal.App.2d 700 [125 P.2d 572].) In all of these cases, the partial trial which was held sufficient for this purpose consisted in the calling of witnesses and the taking of evidence.

In at least two cases in this state the meaning of the word "trial," as used in section 583, has been specifically considered. In *Perrin* v. *Miller,* 35 Cal.App. 129 [169 P. 426], the appellant contended that a hearing on a demurrer to an an-

swer constituted a trial. In holding to the contrary, the court said: "There can be no question that, applying the above rules of construction to the section under consideration, the 'common acceptation' and the 'popular signification' of the word 'trial' must be construed as referring to a hearing and determination of the issues of fact involved. To hold otherwise would be to give to the word a strained and technical meaning. If the judge of a superior court in this state should announce that he would proceed to set cases for trial, every attorney present would know that he meant that the issues of fact were to be tried." In *Superior Oil Co.* v. *Superior Court,* 6 Cal.2d 113 [56 P.2d 950], it was held that a hearing on an order to show cause why a preliminary injunction should not issue did not constitute a trial of the action within the meaning of section 583, although it appeared that for the purpose of determining whether a preliminary injunction should issue considerable evidence had been received which would have been highly material if introduced at the trial of the action. The court there said: "The term 'trial' as applied to one of the steps in the disposition of an action is well understood in the practice in this state. It is the trial of the issues of fact (*Perrin* v. *Miller,* 35 Cal.App. 129 [169 P. 426]), the purpose of which is to determine the cause on the merits. . . . On the trial the parties have the right of cross-examination."

Insofar as material here, we find nothing to the contrary in two other cases relied upon by the respondent Adolph Meier. He relies upon a sentence from the opinion in *Erganian* v. *Brightman,* 13 Cal.App.2d 696 [57 P.2d 971], which reads: "A judgment upon an order sustaining a demurrer constitutes a trial on the merits when an issue of law raised by the demurrer is heard and ruled upon by the court." The court was there passing upon a judgment and whether it was res judicata for the reason that the issues there determined were precisely the same as those raised in a subsequent action. Not only was the court there considering a final judgment but to hold that such a judgment "constitutes a trial on the merits" for certain purposes is far different from holding that the mere sustaining of a demurrer with leave to amend constitutes a trial within the meaning of section 583. In *O'Day* v. *Superior Court,* 18 Cal.2d 540 [116 P.2d 621], the court was passing upon a judgment of dismissal entered under subdivision 3 of section 581 of the Code of Civil Procedure for failure to appear at the trial. Respondent Meier relies on

the statement therein made that "a 'trial' includes all rulings of a court in proceedings before it made in furtherance of the decisions made upon the issues in the case which form the basis of the judgment." It clearly appears that in using this language the court did not intend to hold that a ruling on a demurrer or some preliminary matter constitutes a trial within the meaning of section 583. The court pointed out that the rulings to which it had reference had been made after the trial court had commenced an examination of the evidence and in connection with its admissibility, and distinguished that case from the case of *Superior Oil Co.* v. *Superior Court, supra,* in which it had been held that the action had not been brought to trial within the meaning of section 583 of the Code of Civil Procedure.

It seems to have been clearly held that a trial within the meaning of section 583 is a hearing and determination of the issues of fact involved and that a ruling on a demurrer is not sufficient to take a case out of the operation of that statute. The same has been held with respect to a hearing on whether or not a preliminary injunction should issue. So far as material here, we see no difference in principle between such a preliminary hearing and one in connection with the setting aside of a default. The latter proceeding is not in any respect a trial of issues raised, but it involves merely a consideration of whether a party is entitled to relief which will enable him to raise issues in the case.

Let the peremptory writ issue as prayed for.

Marks, J., and Griffin, J., concurred.