[Civ. No. 13098. First Dist., Div. One.  Aug. 1, 1946.]

EARL W. SMITH, Appellant, v. CLARK HAMILTON
WIGET et al., Respondents.

Jay Monroe Latimer for Appellant.

Tinning & DeLap for Respondents.

PETERS, P. J.—Plaintiff appeals from an order of the trial court made on a noticed motion of defendants dismissing his action on the ground that it was not brought to trial within two years of the date it was filed. Plaintiff failed to file any counteraffidavits in the court below, and no reporter's transcript has been filed, the appeal being prosecuted on a clerk's transcript.

The motion to dismiss was made under section 583 of the Code of Civil Procedure, which, so far as pertinent here, reads as follows: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . ."

The pertinent dates are as follows:

*March, 22, 1943*—original complaint filed.

*June 30, 1943*—demurrer to complaint filed.

*July 12, 1943 (filed July 13, 1943)*—order made sustaining demurrer with leave to amend.

*July 28, 1943*—first amended complaint filed.

*September 7, 1943*—demurrer to first amended complaint filed.

*September 13, 1943 (filed September 15, 1943)*—order made overruling demurrer as to first cause of action, with leave to amend.

*September 21, 1943*—second amended complaint filed.

*October 23, 1943*—answer to first cause of action filed, and demurrer to second cause of action.

*November 8, 1943*—demurrer to second cause of action overruled.

*November 10, 1943*—answer to second cause of action filed.

*October 22, 1945*—notice of motion to dismiss and affidavit in support filed.

*November 2, 1945*—plaintiff filed a memorandum to set cause for trial.

*November 5, 1945*—after a hearing, order made dismissing action and denying plaintiff's motion for a continuance.

█ It is thus apparent that the motion to dismiss was filed two years and seven months after the action was commenced, and over 23 months after the cause was at issue. The statutory period commences to run from the filing of the original complaint and not from the filing of any subsequent amended complaint. (*Rosefield Packing Co.* v. *Superior Court,* 4 Cal.2d 120, 124 [47 P.2d 716].) █ A hearing on demurrer is not a trial within the meaning of the statute. (*Meier* v. *Superior Court,* 55 Cal.App.2d 675, 678 [131 P.2d 554]; *Breakstone* v. *Giannini,* 70 Cal.App.2d 224, 231 [160 P.2d 887].) It is quite clear, therefore, that the 2-year period specified in the statute commenced to run on March 22, 1943.

█ The appellant must concede that section 583 by express language confers on the trial court discretion to dismiss after the expiration of the 2-year period, but he urges that here the trial court abused its discretion in granting the motion. In support of this contention he argues that certain matters were brought to the attention of the trial court on the hearing of the motion that were disregarded, and that such conduct constituted an abuse of discretion as a matter of law. He contends that he orally called the attention of the trial court to the fact that his counsel was ill during the period the cause was at issue and died shortly before the date the motion to dismiss was filed; that he worked in the shipyard during the war and, as a result, had little time to attend to his personal affairs; that negotiations for a settlement were pending during part of the time; that there had been family matters that consumed a large part of his time. He also contends that the filing of the memorandum to set on November 2, 1945, automatically voided the prior motion to dismiss and required, as a matter of law, that the motion to dismiss be denied.

The difficulty with appellant's position is that, except for the last mentioned contention, there is no record of any kind to support his assertions. He did not see fit to file a counter-affidavit in the trial court, nor were the oral proceedings reported. █ It is elementary that an appellate court will never indulge in presumptions or inferences to reverse a judgment or order. Every intendment and presumption not inconsistent with the record must be indulged in to support the action of the trial court. █ If a litigant is dissatisfied with an order or judgment of the lower court it is his duty to present to the appellate court a proper record showing the claimed error. (See many cases collected and commented upon 2 Cal.Jur. § 499, p. 852; see, also, *Whitney* v. *Redfern*, 41 Cal.App.2d 409, 413 [106 P.2d 919].) █ Statements of alleged fact made in the briefs without support in a proper record must be disregarded. (*California S. F. Corp.* v. *Bessolo & Gualano*, 118 Cal.App. 327, 331 [5 P.2d 480].) █ These rules apply with particular force where discretion is vested in the trial court. In such case the claimed abuse of discretion must be shown by a proper record. In the present case, except as to the contention that the filing of the memorandum to set voided the motion to dismiss, there is no record at all to substantiate appellant's charges. None of the claimed unsupported contentions, even if there were a record, would compel the conclusion that, as a matter of law, there had been an abuse of discretion. (*Barry* v. *Learner*, 113 Cal.App. 651 [299 P. 82]; *Elmhurst Packers, Inc.* v. *Superior Court*, 46 Cal.App.2d 648 [116 P.2d 487].) It is obvious, therefore, that these contentions, inasmuch as no abuse of discretion has been shown, must be held to be without merit.

█ The contention that the filing of the memorandum to set required the motion to dismiss to be denied requires but scant consideration. No authority is cited by appellant to support this assertion. It will be noted that the memorandum to set was not filed until after the 2-year period had elapsed and until after the motion to dismiss had been filed. It has long been the law that the filing of a memorandum to set, even if filed before the expiration of the 2-year period, does not, as a matter of law, show compliance with section 583. In the case of *Steinbauer* v. *Bondesen*, 125 Cal.App. 419 [14 P.2d 106], the court was discussing section 583 when the statute provided that the 2-year period started to run from the

date of filing the answer. At page 426 it is stated: "To meet the provisions of that section [§ 583] requiring that the action be brought to trial within two years after the filing of the answer, it was not sufficient that the plaintiff should have had the action set for trial, or be in court ready for trial. The trial must have been actually begun. [Citing case.] The burden is upon the plaintiff to call to the attention of the court the necessity for setting the trial for a time within the period fixed by the section. [Citing case.] The duty rests upon the plaintiff at every stage of the proceeding, to use diligence and to expedite his case to final determination. [Citing case.] Unless it is made to appear that there has been a gross abuse of discretion, the decision of the trial court will not be disturbed on appeal. [Citing case.]"

The appellant also contends that upon the hearing of the motion to dismiss he was denied a continuance, and this denial he claims constituted an abuse of discretion. There is no record to show the basis for the claimed continuance and in such circumstances this claim of error cannot be considered.

The order granting the motion to dismiss is affirmed.

Ward, J., and Schottky, J. pro tem., concurred.