[Civ. No. 15911.  Second Dist., Div. One.  Mar. 10, 1948.]

DAPHNE B. SMITH et al., Appellants, v. CITY OF LOS ANGELES et al., Respondents.

[Civ. No. 15912.  Second Dist., Div. One.  Mar. 10, 1948.]

ARTHUR REALTY CORPORATION (a Corporation), Appellant, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT et al., Respondents.

[Civ. No. 15913.  Second Dist., Div. One.  Mar. 10, 1948.]

LUTHER B. STAHL et al., Appellants, v. CITY OF LOS ANGELES et al., Respondents.

Julius V. Patrosso, Earle M. Daniels, Hallam Mathews, Kenneth W. Kearney, Philip C. Farman and W. L. Pollard for Appellants.

Ray L. Chesebro, City Attorney, Gilmore Tillman, Chief Assistant City Attorney, Mark A. Hall, Assistant City Attorney, Wendell Mackay, Deputy City Attorney, Harold W. Kennedy, County Counsel, Roy W. Dowds, Assistant County Counsel, and Bauder, Veatch & Gilbert for Respondents.

WHITE, J.—Plaintiffs appeal from judgments dismissing the above entitled actions pursuant to the provisions of section 583 of the Code of Civil Procedure, upon the ground that the same had not been brought to trial within a period of five years after the commencement thereof.

Because, except for a chronological statement of the pertinent proceedings, the facts in all three cases are in substantial respects identical, and involve the same legal questions, a stipulation has been filed in this court that all three cases are to be heard and determined upon the one set of briefs filed by appellants Daphne B. Smith, et al., and respondents' brief in reply thereto. In the interest of brevity we shall hereinafter refer to the Smith case as "the case at bar," and to the companion cases as "the Arthur case" and "the Stahl case," respectively.

The three cases now engaging our attention were instituted by numerous plaintiffs seeking to recover damages from the defendants resulting from the flooding of their property in March, 1938, alleged to have been occasioned by certain obstructions erected and maintained by the defendants in the easterly or main channel of the Tujunga River, by reason of which the waters naturally flowing therein were diverted therefrom and into another channel from which they escaped, allegedly by reason of its inadequacy to hold and carry the same.

All three actions were commenced by the filing of complaints on February 27, 1939. To these, demurrers were interposed by the defendants and sustained on May 23, 1939, with leave to amend.

Due to the bulkiness of the complaints in the case at bar and the Stahl case, a stipulation was entered into by counsel wherein it was agreed that no further amended complaints

need be filed in these two cases until after the pleadings were finally settled in the Arthur case.

Thereafter, a first and second amended complaint were filed in the Arthur case, to each of which defendants again interposed demurrers, which in each instance, were again sustained with leave to amend.

On February 27, 1942, a third amended complaint was filed in the Arthur case, and on March 25, 1942, a first amended complaint was filed in the case at bar. To these two last-named pleadings the defendants interposed demurrers, which were argued on the 19th and 20th days of October, 1942, and taken under submission. On January 6, 1943, both of said demurrers were sustained *without leave to amend* and on January 22, 1943, separate judgments were entered that plaintiffs in said two actions take nothing.

With reference to the Stahl case, it appears that pursuant to a stipulation of counsel entered into after the sustaining of the demurrer to the original complaint filed therein, a first amended complaint was filed in that action on March 3, 1943, to which a demurrer was interposed and sustained *without leave to amend,* on April 5, 1943, following which a judgment was entered on April 20, 1943, that plaintiffs in the Stahl case take nothing.

From the several judgments entered as aforesaid in all three cases, plaintiffs therein appealed to the District Court of Appeal, and on October 31, 1944, Division Three of this court rendered its decision as follows: ''Each of the judgments is reversed with directions to the trial court to overrule the demurrers of the respective defendants to the several causes of action'' (*Smith* v. *City of Los Angeles,* 66 Cal.App.2d 562 [153 P.2d 69]). Petitions for hearing in the Supreme Court having been filed and denied, the remittiturs were lodged in the office of the County Clerk of Los Angeles County on January 3, 1945. Thereafter, answers were filed by the several defendants and each cause was at issue on and after April 30, 1945. On January 3, 1946, plaintiffs filed a memorandum to set the causes for trial, pursuant to which, each of the cases was set for trial on July 8, 1946.

When, on the last-named date, plaintiffs in all three cases appeared in court ready for trial, they were met by a motion of the defendants to dismiss each of said causes upon the sole ground that the same had not been brought to trial within five years from the date of commencement thereof, and hence

that the court had lost jurisdiction. In each instance the motion was upon the ground stated and was granted. Thereafter, a judgment of dismissal was entered, from which the present appeals were taken.

It may serve to clarify the ensuing discussion of the legal questions presented if we here set forth the time elapsing between certain periods during various stages of this litigation.

| PROCEEDINGS | TIME ELAPSED |
|---|---|
| From date of filing complaints February 27, 1939, until filing of the last demurrers to the amended complaints on May 22, 1942. | 3 years, 2 months, 25 days. |
| From date of filing of the last demurrers to the amended complaints on May 22, 1942, and final determination of appeals on January 3, 1945. | 2 years, 7 months, 12 days. |
| From date remittiturs were lodged in the office of the county clerk on January 3, 1945, until end of five-year period based on filing of complaints on February 27, 1939, excluding holidays appointed by the President of the United States. | 1 year, 1 month, 28 days. |
| From date when last demurrers to amended complaints were sustained, January 6, 1943, until remittitur was lodged in the office of the county clerk, January 3, 1945. | 1 year, 11 months, 28 days. |

Respondents concede that it would have been impracticable to bring the cases to trial during the period between January 6, 1943, and January 3, 1945, upon which last-named date the remittiturs were filed, and that the running of the five years specified in section 583 of the Code of Civil Procedure should be suspended during that period because of the pending appeals. They contend, however, that part of the five-year period had already run from February 27, 1939, when the actions were filed, until January 6, 1943, when the demurrers were sustained—a period of three years, ten months and nine

days. That after the remittiturs were filed on January 3, 1945, the five-year statutory period started running again, of which there remained one year, one month and 21 days, ending, with the exclusion of the aforesaid holidays, on March 3, 1946. As heretofore noted, the cause was set for and called for trial on July 8, 1946.

The only provisions of section 583 of the Code of Civil Procedure with which we are here concerned are the following:

" . . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action . . . When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court."

The first question presented is whether, as in the cases now engaging our attention, where a demurrer to a complaint was sustained without leave to amend, and a judgment was entered thereon for the defendant, and where the appellate court reversed the judgment, with directions to the lower court to overrule the demurrer, but did not remand the cause for a new trial, was the action brought to trial within the meaning of section 583 of the Code of Civil Procedure?

In this regard appellants contend that any proceedings had in an action which result in a final judgment, as distinguished from a procedural ruling, is a "trial" within the contemplation of section 583 of the Code of Civil Procedure, and this without regard to whether or not the judgment results from a determination of an issue of law or one of fact.

A definition of the word "trial," one quoted and never to our knowledge disapproved, is found in the case of *Tregambo* v. *Comanche M. & M. Co.*, 57 Cal. 501, 505, as follows:

"A trial is the examination before a competent tribunal, according to the law of the land, of the facts or *law* put in issue in a cause for the purpose of determining such issue. When a court hears and determines any issue of fact *or of law*

*for the purpose of determining the rights of the parties,* it may be considered a trial." (Emphasis added.)

We are persuaded that such an issue was presented on the hearings of the demurrers, grounded on the claim that plaintiffs' complaints did not state facts sufficient to constitute a cause of action. The trial of the issues thus presented was the trial of the cause as a cause and not the settlement of a mere matter of form in procedure. When the final judgments were entered on the sustaining of the demurrers, it was a final determination of the rights of the parties, and could be pleaded in bar to any other suit for the same cause of action.

■ The foregoing definition of a "trial" includes trials which involve only questions of law. General demurrers such as were here interposed, challenging as they did the sufficiency of the facts, went direct to the determination of the rights of the parties, and all rights involved in the complaints. The judgments rendered herein, being upon orders sustaining demurrers without leave to amend, constitute a trial on the merits, based upon issues of law raised by such demurrers, and must be considered as judgments after trial (*Tregambo* v. *Comanche M. & M. Co., supra; Goldtree* v. *Spreckels,* 135 Cal. 666, 669, 670, 671, 672 [67 P. 1091] ; *Booth* v. *County of Los Angeles,* 69 Cal.App.2d 104, 108 [158 P.2d 401] ; *Erganian* v. *Brightman,* 13 Cal.App.2d 696, 700 [57 P.2d 971] ; *Provencher* v. *City of Los Angeles,* 10 Cal.App.2d 730, 732 [52 P.2d 983] ; *Olwell* v. *Hopkins,* 28 Cal.2d 147, 150 [168 P.2d 972]). In *City of Pasadena* v. *Superior Court,* 212 Cal. 309, 313 [298 P 968], it is said:

"It is well settled that a trial need not involve the determination of a fact, but may consist solely or partially in the determination of an issue of law."

Respondents contend that the foregoing cases are inapplicable because none of them involve a construction of section 583 of the Code of Civil Procedure. However, the foregoing authorities do hold unequivocally that proceedings which result in a judgment finally determining the rights of the parties constitutes "a trial," as that word is used in our Code of Civil Procedure, and we see no reason why the word "trial," as applied to the facts of the cases now before us, should be accorded a different meaning under the provisions of section 583 of the Code of Civil Procedure.

■ Respondents' contention that the judgments rendered in the instant cases were not final "because the plaintiffs took an appeal from said 'judgment' and it was reversed by the

District Court of Appeal . . . '' cannot be upheld because the judgments with which we are here concerned disposed of the cases and all the questions and issues arising therein (*Williamson* v. *Joyce,* 137 Cal. 151, 153 [69 P. 980]).

Respondents place great reliance upon the case of *Perrin* v. *Miller,* 35 Cal.App. 129 [169 P. 426], cited with approval by the Supreme Court in the case of *Superior Oil Co.* v. *Superior Court,* 6 Cal.2d 113, 116 [56 P.2d 950]. In the Perrin case an answer and cross-complaint were filed to which demurrers were interposed by the plaintiff and *overruled.* Nothing further having been done in the proceeding for more than five years following the filing of the answer, the trial court, on motion of the defendant, dismissed the action. The District Court of Appeal affirmed the order of the trial court. There can be no question that under the facts of that case no ''trial'' was had because the overruling of a demurrer does not constitute a determination of ''any issue of fact or law for the purpose of determining the rights of the parties.'' Had the trial court sustained the demurrer without leave to amend and rendered judgment for the plaintiff, the situation would be analogous to the one now before us. It is true that in the course of its opinion the court stated that ''the word 'trial' must be construed as referring to a hearing and determination of the issues of fact involved.'' To us it is manifest that such statement was clearly obiter. Under the facts of that case there had been no ''trial'' because no hearing was had for the purpose of and which resulted in a judgment finally determining the rights of the parties. In the instant cases the judgments finally determined the rights of the parties following a hearing upon tendered issues of law.

In the case of *Superior Oil Company* v. *Superior Court, supra,* the preliminary injunction granted therein did not result in the final determination of the rights of the parties. It expressly provided that it was to remain in force only until the entry of final judgment in the action. In its opinion, the Supreme Court, referring to the term ''trial'' said at page 116 :

''It is the trial of the issues of fact (*Perrin* v. *Miller,* 35 Cal.App. 129 [169 P. 426]), the purpose of which is to determine the cause on the merits, and it is not completed until the decision of the court is made and filed with the clerk (*Broder* v. *Conklin,* 98 Cal. 360 [33 P. 211]; sec. 632, Code Civ. Proc.), unless findings be waived (sec. 634, Code Civ. Proc.). Whether made and filed or waived, judgment may

then be entered and the cause thus be disposed of on the merits."

We do not regard the foregoing language as holding that a "trial" never ensues unless a hearing has been had upon "issues of fact," but on the contrary, that because a hearing has been had upon issues of fact that in itself is not sufficient to constitute a "trial" as that word is used in our Code of Civil Procedure. As we view the decision, it is not authority for the statement that there was no "trial" because there was no hearing upon issues of fact, but rather that because the proceedings had, although they involved a preliminary determination of issues of fact, did not result in a judgment finally determining the rights of the parties to the action. Were we to follow respondents' contentions regarding what constitutes a "trial" it would necessarily result in a determination that where a cause is submitted on an agreed statement of facts, there was no "trial" because no determination of any issue of fact was involved, but only one of law, viz., what judgment should be entered. Furthermore, the case of *Superior Oil. Co.* v. *Superior Court, supra,* should be read in the light of the later case of *O'Day* v. *Superior Court,* 18 Cal.2d 540, 544 [116 P.2d 621], wherein our Supreme Court stated:

" . . . Generally speaking, a 'trial' includes all rulings of a court in proceedings before it *made in furtherance of the decisions made upon the issues in the case which form the basis of the judgment.* (*Stow* v. *Superior Court,* 178 Cal. 140 [172 P. 598]; see also *Green* v. *Duvergey,* 146 Cal. 379 [80 P. 234]; *Goldtree* v. *Spreckels,* 135 Cal. 666 [67 P. 1091].)" (Emphasis added.)

In the cases now engaging our attention the issues which formed the basis of the judgments were those tendered by the demurrers, and they were issues of law.

What we have herein stated is equally applicable to the cases of *Meier* v. *Superior Court,* 55 Cal.App.2d 675 [131 P.2d 554]; *Breakstone* v. *Giannini,* 70 Cal.App.2d 224 [160 P.2d 887]; and *Smith* v. *Wiget,* 75 Cal.App.2d 591 [171 P.2d 563], also relied upon by respondents.

The very fact that judgments have been rendered would seem to strongly imply that a "trial" has been had, for as said by the Supreme Court in *Matter of Lambert,* 134 Cal. 626, 632 [66 P. 851, 86 Am.St.Rep. 296, 55 L.R.A. 856];

" . . . it is a cardinal principle in English jurisprudence that before any judgment can be pronounced against a person,

there must have been a trial of the issue upon which the judgment is given.''

Respondents direct our attention to the legislative history of section 583 of the Code of Civil Procedure, but we find therein nothing to support the conclusion that the word ''trial'' as used in the section means anything different from the meaning it has whenever used in any other section of the code. We therefore conclude that the judgments entered herein after an order sustaining a demurrer without leave to amend constituted judgments after trial.

It is noteworthy also that prior to the date set for trial, and on March 8, 1946, defendants had made a motion similar to the one here under consideration, to dismiss upon the same grounds in the superior court, which said motion was denied. Following such denial, the defendants filed a petition for writs of mandate and prohibition in this court to compel the dismissal of said actions (2d Civ. No. 15336), which petition was denied on April 4, 1946, without opinion. Thereafter, a similar petition was filed with the Supreme Court (L. A. No. 19708), which petition was by that court denied on May 6, 1946, without opinion. Subsequently, defendants filed with the Supreme Court a petition for hearing to review the action of this court in denying the original petition filed herein. This last-named petition was also denied by the Supreme Court on May 27, 1946, without opinion.

Inasmuch as we hold that the sustaining of the demurrers herein without leave to amend, followed by judgments for the defendants, constituted a ''trial'' within the meaning of section 583 of the Code of Civil Procedure, we conceive it to be unnecessary to examine and decide the contentions of appellants that upon the reversal of the judgments herein, the actions were not subject to dismissal under the provisions of section 583 of the Code of Civil Procedure because they were brought to trial within a period of three years after the remittitur of the appellate court was lodged with the clerk of the trial court and, that in computing the period of five years within which an action must be brought to trial under the provisions of section 583 of the Code of Civil Procedure, where a final judgment has been entered upon an order sustaining a demurrer to the complaint without leave to amend, followed by an appeal and reversal of the judgment, the time elapsing between the filing of the demurrer and the final determination of the appeal must be excluded.

For the foregoing reasons, the judgments from which these appeals were taken are, and each of them is, reversed, and the causes are remanded with directions to the court below to proceed with trials thereof.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied April 6, 1948, and opinion was modified to read as above.

Respondent's petition for a hearing by the Supreme Court was denied May 6, 1948.