[Civ. No. 17332.   Second Dist., Div. Three.   Nov. 2, 1949.]

EDWIN S. DOUGLAS, JR. et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

A. Maxson Smith and Robert A. Keller for Petitioners.

Harold W. Kennedy, County Counsel, and John B. Anson, Deputy County Counsel, for Respondent.

VALLÉE, J.—Petitioners seek a writ of prohibition to restrain respondent court from taking any further proceedings in a divorce action entitled *Edwin S. Douglas* v. *Fay H. Douglas*, on the ground that respondent is without jurisdiction. As its return to the alternative writ heretofore issued, respondent has demurred to the petition on the ground it does not state facts sufficient to justify the issuance of the writ. The question presented is one of law alone. The defendant in the divorce action filed a cross-complaint. ▪ The basis of the claim of want of jurisdiction is that the action was not brought to trial within five years after the filing of the cross-complaint.

Petitioners are named as cross-defendants in the supplemental cross-complaint to be referred to.

The relevant dates are these:

*April 28, 1944*—Complaint filed.

*June 1, 1944*—Answer and cross-complaint filed, naming plaintiff and petitioner Edwin S. Douglas, Jr. as cross-defendants.

*March 21, 1946*—Supplemental cross-complaint filed by leave of court, naming petitioners Grace Kunkle and Telegraph Delivery Service, a corporation, as cross-defendants in addition to plaintiff and petitioner Edwin S. Douglas, Jr.

*June 28, 1949*—Cause came on for trial. Petitioners moved for dismissal of cross-complaint and all matters supplemental thereto under Code of Civil Procedure, section 583.

*July 5, 1949*—Motion to dismiss cross-complaint and all matters supplemental thereto denied.

*July 5 1949*—Court on its own motion dismissed the action of the plaintiff.

*July 7, 1949*—Cause again came on for trial. Petitioners objected to further proceedings on the ground the court was without jurisdiction under Code of Civil Procedure, section 583. Objection overruled. Petitioners moved to dismiss the action of defendant and cross-complainant. Court dismissed cross-complaint and ordered cause to trial on supplemental cross-complaint. Petitioners again objected to court proceeding. Objection overruled.

*July 8, 1949*—Cause submitted.

*July 25, 1949*—Mistrial declared.

Code of Civil Procedure, section 583, in part, provides: ". . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period. . . ."

The parties did not enter into or file a stipulation in writing that the five-year period provided by section 583 might be extended and it was not shown that any party to the action had been absent from the state or concealed therein, or his whereabouts unknown to the other, or not discoverable to the other party upon due diligence.

▮ The provision for dismissal after the lapse of the statutory time is mandatory. (*Superior Oil Co.* v. *Superior Court*, 6 Cal.2d 113, 116 [56 P.2d 950]; *Meier* v. *Superior Court*, 55 Cal.App.2d 675 [131 P.2d 554].)

▮ Where a cross-complaint is filed there are two simultaneous actions pending between the parties wherein each is at the same time both a plaintiff and a defendant. The issues joined upon a cross-complaint are completely severable from the issues upon the original complaint and answer. (*Pacific Finance Corp.* v. *Superior Court*, 219 Cal. 179, 182 [25 P.2d 983, 90 A.L.R. 384]; *Schrader* v. *Neville*, 34 Cal.2d 112, 114 [207 P.2d 1057]; *Lori, Ltd.* v. *Wolfe*, 85 Cal.App.2d 54, 61 [192 P.2d 112]; 22 Cal.L.Rev. 695; Anno. 90 A.L.R. 387.) ▮ It is settled that the statutory period commences to run from the filing of the original complaint and not from the filing of any subsequent amended complaint. (*Rosefield Packing Co.* v. *Superior Court*, 4 Cal.2d 120, 124 [47 P.2d 716]; *Smith* v. *Wiget*, 75 Cal.App.2d 591, 593 [171 P.2d 563].) The filing of an amended or supplemental complaint does not have the effect of extending the time of mandatory dismissal to five years after its filing. (*Rosefield Packing Co.* v. *Superior Court, supra,* 4 Cal.2d 120, 124, 125.) The holdings in these cases with respect to the effect of the filing of an amended or supplemental complaint are equally applicable to the filing of an amended or supplemental cross-complaint; it does not have the effect of extending the time of mandatory dismissal to five years after its filing. The law says that the action shall be dismissed "unless such action [the action on the cross-complaint] is brought to trial within five years after the plaintiff [cross-complainant] has filed his action." The action on the cross-complaint is commenced when the cross-complaint is filed. To sustain respondent's view we would have to recast the section so as to substitute for the word "action" the words "last amended complaint [cross-complaint]," or "last supplemental complaint [cross-complaint]." We may not so revise the statute. If the statutory period could be extended by the filing of an amended or supplemental cross-complaint a party could keep an action alive indefinitely.

▮ When the cause finally came to trial on June 28, 1949, more than five years had elapsed from the date of the filing of the cross-complaint, to wit, June 1, 1944. The court, therefore, properly dismissed the cross-complaint. It was thereafter without jurisdiction to proceed in the action as the

filing of the so-called supplemental complaint, whether it be in fact a supplemental complaint or an amended complaint, did not have the effect of extending the time of mandatory dismissal to five years after its filing.

The demurrer is overruled. Let a peremptory writ issue as prayed. Each party to pay his own costs.

Shinn, P. J., and Wood, J., concurred.