[No. B006449. Second Dist., Div. Five. Aug. 20, 1985.]

LEMAIRE, FAUNCE & KATZNELSON,
Plaintiff, Cross-defendant and Respondent, v.
ROBERT COX, Defendant, Cross-complainant and Appellant.

**COUNSEL**

Verden M. Moffitt, Jr., for Defendant, Cross-complainant and Appellant.

Breidenbach, Swainston, Yokaitis & Crispo, Howard D. Swainston and Gary A. Hamblet for Plaintiff, Cross-defendant and Respondent.

OPINION

**HASTINGS, J.**—The principal issue on this appeal is whether a partial adjudication of issues pursuant to Code of Civil Procedure section 437c constitutes a "trial" under Code of Civil Procedure section 583, subdivision (b).

Lemaire, Faunce & Katznelson, (Lemaire) respondent to this appeal, filed a complaint on September 26, 1978, against Robert Cox, appellant, for failure to pay attorneys fees. Cox cross-complained against Lemaire alleging, among other things, negligence on behalf of Lemaire in the handling of his case. The cross-complaint was filed on September 26, 1978.[1] The complaint was dismissed and no appeal was taken, therefore, the issue raised in this appeal involves only the cross-complaint.

On September 16, 1982, Lemaire filed a motion for summary adjudication of issues pursuant to Code of Civil Procedure section 437c. The motion was granted in part and denied in part.

On March 23, 1984, approximately five years and six months after the complaint and cross-complaint were filed, Lemaire filed a motion to dismiss the cross-complaint pursuant to Code of Civil Procedure section 583, subdivision (b). The motion was granted and this appeal followed.

Cox argues that the court erred in dismissing the action because the "trial" had commenced within the five-year period when the court heard and granted in part Lemaire's motion for summary adjudication of issues. Cox relies on *Berri* v. *Superior Court* (1955) 43 Cal.2d 856 [279 P.2d 8], where the Supreme Court ruled that "a partial trial of an action will take the case out of the operation of section 583." (*Ibid.,* at p. 861.) *Berri* involved a situation where plaintiff's action had been dismissed for failure to amend his complaint after defendant's demurrers had been sustained. The court stated: "Where a demurrer has been sustained without leave to amend, or the time given to amend has expired, the matter has reached such a stage that a final determination of the action is contemplated, and hence section 583 does not require a dismissal because of the lapse of five years since the commencement of the action. There is nothing in the instant case to indicate other than that the case is to be finally disposed of on issues of law—by way of demurrer." (*Ibid.,* at p. 860.)

Our present case differs substantially from *Berri*. There had been no dismissal of the cross-complaint and numerous issues remained to be tried after

---

[1]There were several amended cross-complaints filed, the last and fourth amended complaint was filed July 9, 1979.

the partial adjudication of issues. *King* v. *State of California* (1970) 11 Cal.App.3d 307 [89 Cal.Rptr. 715], is more in point. In *King* a partial summary judgment had been granted and the appellant argued that this action constituted a "trial" within the meaning of section 583. The opinion in defining the issue states, "The record does not show, nor do plaintiff's briefs make any attempt to show, any stipulation or other recognized justification for his failure to bring the case to trial within five years. His only toehold is the possibility that the hearing and disposition of the state's motion for a partial summary judgment was itself a 'trial' within the meaning of section 583; thus, that the action was in fact brought to trial within the five-year period. There is no decision declaring the effect of an order for partial summary judgment on the running of the five-year dismissal period." (*Ibid.*, at p. 310.)

The court determined that the trial court was correct in applying the mandatory dismissal statute. ■ It stated: "A 'trial' within the meaning of section 583 is the determination of an issue of law or fact which brings the action to the stage where final disposition can be made. [Citations.] Before 1965 the summary judgment statute (Code Civ. Proc., § 437c) recognized a partial summary judgment for the plaintiff but not for the defendant. [Citations]. . . . A 1965 amendment extended the availability of the partial summary judgment procedure to the defendant. . . .

■ "An analysis of the last paragraph of section 437c as amended in 1965 impels the conclusion that an order granting defendant a partial summary judgment is not a final disposition.[3] The order granting the motion establishes a defense only to 'so much' of the lawsuit as is specified; 'severs' the rest of the action; permits the severed portion to go forward to disposition by trial or other means; envisions a single judgment covering both that phase of the action affected by the summary judgment order and the phase not so affected; thus by implication, permits an appeal only after the trial court enters a judgment disposing of the entire lawsuit." (*Ibid.*, at pp. 310-312.)

King's amended complaint tendered severable issues of law and fact as grounds for a single damage judgment; therefore, as the court noted, the

---

"[3]The last paragraph of Code of Civil Procedure, section 437c, provides: 'If it appear that such defense applies only to a part of the plaintiff's claim, or that a good cause of action does not exist as to a part of the plaintiff's claim, or that any part of a claim is admitted or any part of a defense is conceded, the court shall, by order, so declare, and the claim or defense shall be deemed established as to so much thereof as is by such order declared and the cause of action may be severed accordingly, and the action may proceed as to the issues remaining between the parties. No judgment shall be entered prior to the termination of such action but the judgment in such action shall, in addition to any matters determined in such action, award judgment as established by the proceedings herein provided for. A judgment entered under this section is an appealable judgment as in other cases.' "

trial court's order granting a summary judgment as to one of the issues did not prevent plaintiff from bringing the second issue to trial. Based on its analysis of section 437c (above) the opinion concluded "[w]hether plaintiff won or lost on the second issue, an appealable judgment could have been entered reflecting the trial court's disposition of the first issue via the summary judgment proceeding and its disposition of the second by means of a trial. The order granting the state's motion for a partial summary judgment was not a trial of the action *because it left the action short of the stage where final disposition could be made.* Thus, the trial court did not err in applying the mandatory dismissal statute." (Italics added.) (*Ibid.,* at p. 312.)

Section 437c was amended after the *King* opinion, and before the dismissal in our present case. Section 437c, subdivision (f) then and now provides in pertinent part, "When the moving party moves for summary adjudication of issues . . . the court shall, by order, specify that such issues are without substantial controversy. . . . *At the trial* of the action the issue so specified shall be deemed to be established and the action *shall proceed as to the issues remaining.*" (Italics added.) As can be seen, the section retains in essence the language relied upon in the *King* opinion.

Somewhat analogous is the holding in *Superior Oil Co.* v. *Superior Court* (1936) 6 Cal.2d 113 [56 P.2d 950], where the Supreme Court held that a motion for a preliminary injunction and a hearing upon an order to show cause based on affidavits did not constitute a "trial" for purposes of Code of Civil Procedure section 583. The court noted in particular that a "trial" involves a determination of the entire cause on the merits in which the parties are entitled to cross-examine witnesses. A hearing based upon affidavits does not fall in the same category.

In addition to *Berri* v. *Superior Court, supra,* 43 Cal.2d 856, Cox also relies on out-of-context statements in other opinions that define a "trial" as the determination of an issue of law or fact. He claims a partial adjudication of an issue meets this test. We disagree. Such a definition is too narrow in scope for determining what constitutes a "trial" within the meaning of section 583. We accept the *King* definition that "it is the determination of an issue of law or fact which *brings the action to the stage where final disposition can be made.*" Enactment of section 583 constituted legislative determination that a five-year delay was unreasonable as a matter of law. (*Hsu* v. *San Francisco* (1966) 240 Cal.App.2d 317 [49 Cal.Rptr. 531].) The emphasized language retains the reason for the section, Cox's argument would defeat it. The partial adjudication obviously did not expedite the final trial of the cross-complaint. If the partial adjudication was a "trial," Cox assumably would have five more years to delay final disposition. Conceiv-

ably a partial adjudication of an issue four years and eleven months after filing the complaint would give a party almost 10 years for delay tactics.

■ Cox's other contention on appeal is that dismissal of the action violates his due process rights. He bases his claim on his own attorney's declaration that after his at-issue memorandum was filed, the clerk of the court sent a notice of trial setting conference to the wrong attorneys. Also Cox was not served with a judgment of dismissal which was issued on October 14, 1982. The trial court, and correctly we might add, was unimpressed by this argument. There is only the declaration of Cox's attorney to these facts; but assuming them to be true, they are no defense to the motion for dismissal. In *Singelyn* v. *Superior Court* (1976) 62 Cal.App.3d 972, 975 [133 Cal.Rptr. 486], the trial court erroneously set the action for trial after the five-year period of section 583 had run. We held that a mistake by the trial court does not release a plaintiff from the duty of keeping track of the time for trial. We stated, "No case, to our knowledge, has ever held that inadvertence on the part of the court in selecting a trial date constitutes the type of practicability, impossibility or futility which tolls the five-year statute. Nor do we propose to adopt such a rule. It is the plaintiff's duty to keep track of the pertinent dates which are crucial to the maintenance of his lawsuit and to see that the action is brought to trial within the five-year period. (*Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 549 [105 Cal.Rptr. 339, 503 P.2d 1347].)"

In the recent case of *Cannon* v. *City of Novato* (1985) 167 Cal.App.3d 216 [213 Cal.Rptr. 132], a similar argument of court errors was raised as a defense to the dismissal. The court stated, at page 222: "'The burden is upon the plaintiff to call to the attention of the court the necessity for setting the trial for a time within the period fixed by [section 583]. [Citation.]' [Citation.] If the plaintiff could have acted to bring the case to trial on time and failed to do so, relief will not be given even if the plaintiff claims to have relied on the performance of an official duty. [Citation.]"

The judgment of dismissal is affirmed.

Ashby, Acting P. J., and Eagleson, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 30, 1985.