[No. A027534. First Dist., Div. Five. Aug. 29, 1985.]

HESTER HENDRIX, Plaintiff and Appellant, v.
ORVILLE HENDRIX, JR., Defendant and Respondent.

COUNSEL

David Krashna for Plaintiff and Appellant.

David L. Frey and Foley, McIntosh & Foley for Defendant and Respondent.

OPINION

LOW, P. J.—Plaintiff Hester Hendrix appeals from a judgment of dismissal entered after the court granted defendant Orville Hendrix, Jr.'s motion to dismiss for failure to bring a cause of action to trial within five years. (Code Civ. Proc., § 583, subd. (b).) We agree with the court below that the making of a motion *in limine* before the trial court did not constitute the beginning of a trial sufficient to take the case out of Code of Civil Procedure section 583, subdivision (b).[1] We affirm.

In her complaint filed December 27, 1978, plaintiff sought to recover real and personal property given to defendant, plaintiff's stepson, by her husband, Orville Hendrix, Sr. On April 1, 1982, both parties, after being assigned to a trial department, met with the trial judge in her chambers to argue defendant's motion *in limine* to exclude any evidence of Orville Hendrix, Sr.'s incompetence. After granting defendant's motion on the ground that the pleadings did not properly raise the issue of competency, the judge gave plaintiff an option either to proceed to trial without the evidence of incompetence or to amend her complaint and drop the case from the civil active list. Plaintiff elected to amend her complaint, and the motion to amend was granted on May 19, 1982. After the court denied defendant's motion for rehearing, defendant filed an answer to plaintiff's amended com-

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure. Because judgment was entered prior to the effective date of the amendments to section 583, the former dismissal statute is the applicable law. (See § 583.160.)

plaint on July 29, 1983. No further action was taken until December 29, 1983, when plaintiff filed an at-issue memorandum and notice of a motion for calendar preference based on her advanced age. Plaintiff's motion was granted on January 18, 1984, and trial was set for April 30, 1984. Defendant's motion to dismiss under section 583, subdivision (b) was heard on March 8, 1984, and granted on April 6, 1984.

■ Section 583, subdivision (b) mandates dismissal by the court of an action that has not been brought to trial within five years after the date of filing. The statute "becomes operative only if the action is not brought to trial at all within the prescribed period. If the trial is commenced, the case is taken out of the statute, even though the proceedings amount only to a partial hearing." (*Bella Vista Dev. Co.* v. *Superior Court* (1963) 223 Cal.App.2d 603, 607 [36 Cal.Rptr. 106].) ■ A "trial" has been consistently defined as "the examination before a competent tribunal, according to the law of the land, of questions of fact or of law put in issue by pleadings, for the purpose of determining the rights of the parties." (*Adams* v. *Superior Court* (1959) 52 Cal.2d 867, 870 [345 P.2d 466].) Swearing one witness or impaneling a jury will be sufficient to put the case beyond the bar of section 583, subdivision (b). (See *Weeks* v. *Roberts* (1968) 68 Cal.2d 802, 805 [69 Cal.Rptr. 305, 442 P.2d 361]; *Hartman* v. *Santamarina* (1982) 30 Cal.3d 762, 765 [180 Cal.Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833].) In determining whether a trial has commenced, "[t]he essential thing is that the action be brought to a stage where final disposition is to be made of it." (*Berri* v. *Superior Court* (1955) 43 Cal.2d 856, 859-860 [279 P.2d 8]; see also *McDonough Power Equipment Co.* v. *Superior Court* (1972) 8 Cal.3d 527, 532 [105 Cal.Rptr. 330, 503 P.2d 1338].)

■ The hearing on defendant's motion *in limine* was not a trial because it did not involve a question of law or fact *raised by the pleadings*. Defendant's motion, made in response to plaintiff's comments about Orville Hendrix, Sr.'s incompetence during a settlement conference, sought to exclude such evidence since competency had not been raised in plaintiff's pleadings. Plaintiff's complaint alleged only one cause of action based on her lack of consent to her husband's transfer of community property. At the time of the hearing on the motion *in limine,* competency was clearly *outside* the pleadings.

Plaintiff's case can be distinguished from both *Clements* v. *Ragghianti* (1957) 155 Cal.App.2d 188 [317 P.2d 706], which involved a motion for nonsuit, and *Katleman* v. *Katleman* (1959) 175 Cal.App.2d 493 [346 P.2d 218], which involved a motion for judgment on the pleadings. Both cases were actually called for trial and counsel had made opening statements to the courts; both motions, if granted, would have led to a final disposition.

Here, the parties had merely been assigned to a trial department and no opening statements were made. The hearing itself took place in the court's chambers, and the court's ruling on the motion *in limine* made no determination of plaintiff's rights under her existing cause of action.

We are not persuaded by plaintiff's argument that an objection to the introduction of evidence, such as defendant's motion *in limine,* is the functional equivalent of a motion for judgment on the pleadings. ■ "An issue of law as to pleadings raised on the date of trial before a court sitting without a jury may be construed as having brought the case to trial if the ruling constitutes a final determination of a case, *but otherwise* where the action of court does not constitute a final disposition." (*Nelson* v. *Specialty Records, Inc.* (1970) 11 Cal.App.3d 126, 140 [89 Cal.Rptr. 540], italics added.) ■ The court's ruling on defendant's motion *in limine* was not a final disposition. Despite the court's ruling, plaintiff could still have proceeded to trial on her cause of action. Instead, she chose to amend her complaint to add a *second* cause of action based on her husband's incompetence. The hearing on the motion *in limine* did not constitute the commencement of a trial; defendant's motion to dismiss was properly granted.

The judgment is affirmed.

King, J., and Haning, J., concurred.