[No. F008899. Fifth Dist. Nov. 18, 1988.]

In re the Marriage of SUZANNE MARIE and RAMON KEITH HINDS.
SUZANNE MARIE HINDS, Appellant, v.
RAMON KEITH HINDS, Respondent.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and II.

COUNSEL

Leo M. Evans and Andrew R. Haut for Appellant.

J. J. Gianquinto for Respondent.

OPINION

HAMLIN, Acting P. J.—Suzanne Marie Hinds (appellant) petitioned for: (1) dissolution of her marriage to Ramon Keith Hinds (respondent); (2) an award to her of custody of the five minor children of the marriage, support for the children, and spousal support; (3) determination of property rights; and (4) an award of attorney's fees and costs. After the court granted respondent's motion for bifurcation of issues to allow entry of the interlocutory and final decrees dissolving the marriage and reserving all other issues for trial, appellant joined three third-party defendants based on her claim of an interest in community funds alleged to have been invested with them by respondent.

Appellant appeals from the order dismissing her action against respondent for failure to bring her action to trial within three years after entry of the order filed October 27, 1983, declaring a mistrial in the trial on the reserved issues. The dismissal was based on Code of Civil Procedure[1] section 583.320, subdivision (a)(1). On appeal, appellant contends that (1) section 583.320, subdivision (a)(1) is not applicable to a bifurcated case in which a judgment was entered dissolving the parties' marriage and a mistrial was declared as to the remaining issues; (2) a petition for dissolution cannot lawfully be dismissed when a child support order has been issued in connection with the proceeding and the support order remains in effect at the time of the purported dismissal (§ 583.161); and (3) there was a period of time during the three-year period specified in section 583.320 that must be excluded in computing under section 583.340, subdivision (c) the time within which an action must be brought to trial. We will conclude that section

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

583.161 prevented the dismissal of the family court action against respondent and reverse the order dismissing her action against respondent.

## PROCEDURAL BACKGROUND

Appellant's petition for dissolution of her marriage to respondent was filed on August 24, 1979. That petition generally recited that she and respondent had married in 1959 and lived together for about twenty years at the time of separation; and that there were six children of the marriage, including five minor children. An order to show cause regarding custody, visitation, child support and spousal support was heard on September 18, 1979. Custody of four of the minor children was awarded to appellant and custody of the other minor child was awarded to respondent.

Respondent later moved to bifurcate the issue of the marital status of the parties from the remaining issues. Respondent's motion was granted, and on June 30, 1980, an interlocutory judgment of dissolution and on September 17, 1980, the final judgment of dissolution were entered, with all other issues being reserved.

Trial on the reserved issues was held on October 7, 8 and 9 of 1981 and was then continued until November 5, 1981. A series of further continuances followed.

Following a hearing in January 1983 on a continued order to show cause re modification of child support and spousal support, respondent was ordered to pay appellant unsegregated child and spousal support in the sum of $3,000 per month, beginning February 1, 1983.

On October 27, 1983, an order was entered granting appellant's motion for mistrial in the trial of the reserved issues that began on October 7, 1981.

On January 5, 1987, respondent moved to dismiss the case for lack of prosecution. His motion to dismiss was granted on February 5, 1987, and a notice of that ruling was sent to the attorneys for the parties on February 19, 1987. This appeal followed.

## DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 1398.

III. *Does section 583.161 preclude dismissal of appellant's action even though appellant failed to assert that defense in the trial court?*

A. *Failure to assert.*

Appellant contends on appeal that the dismissal of her action is improper due to section 583.161. That section was added by Statutes of 1986, chapter 366, section 2 (Assem. Bill No. 4284 (1985-1986 Reg. Sess.).) Section 583.161 provides in its entirety: "No petition filed pursuant to Section 4503 of the Civil Code shall be dismissed pursuant to this chapter if an order for child support has been issued in connection with the proceeding and the order has not been revoked by the court or has not terminated pursuant to Sections 196, 196.5, and 4700 of the Civil Code."

A petition under section 4503 of the Civil Code is one filed to commence a proceeding for dissolution of marriage or for legal separation. Sections 196 and 196.5 of the Civil Code refer to the equal responsibility of the father and mother to support their child and the age of the child at which that responsibility terminates. Section 4700 of the Civil Code generally refers to orders for support of minor children and provides that upon the occurrence of certain events the liability for such payments will terminate.

At the time of the order of dismissal, April 29, 1987, there were two remaining minor children of the marriage, Daniel, age 13, and Christopher, age 11. After a modification hearing on January 31, 1983, an order was entered for $3,000 per month "unsegregated child and spousal support." The record before us contains no indication that the support order had been revoked or that any of the contingencies set forth in Civil Code section 196, 196.5 or 4700 had occurred as to either of the minor children.

While not arguing that section 583.161 cannot apply to this case, respondent asserts that appellant should be precluded from raising that section as a bar to the dismissal since it was not raised in the trial court.

In opposition to respondent's motion to dismiss in the trial court, appellant cited section 583.130 for the proposition that the policy of the state that actions be tried on the merits is to be preferred over the policy that requires dismissal for failure to prosecute. She argued that there was reasonable cause for her delay and that while her case was trailing on the civil active list the running of the time period should be tolled. In supplemental points and authorities she argued that a judgment had been entered in her action so section 583.320 did not apply.

At no time in the trial court did appellant cite section 583.161 or argue that the dismissal was not proper because her action was brought under the Family Law Act (Civ. Code, § 4000 et seq.).

■ "As a general rule, 'issues not raised in the trial court cannot be raised for the first time on appeal.' (*Estate of Westerman* (1968) 68 Cal.2d 267, 279 [66 Cal.Rptr. 29, 437 P.2d 517] and cases cited.) On a number of occasions, however, appellate courts have relaxed this rule and have permitted a party to raise belatedly 'a pure question of law which is presented on undisputed facts.' [Citations.] This forgiving approach has been most frequently invoked when 'important issues of public policy are at issue.' (*Hale* v. *Morgan, supra,* 22 Cal.3d at p. 394 [149 Cal.Rptr. 375, 584 P.2d 512]; *Bayside Timber Co.* v. *Board of Supervisors* (1971) 20 Cal.App.3d 1, 5 [97 Cal.Rptr. 431].)" (*Sea & Sage Audubon Society, Inc.* v. *Planning Com.* (1983) 34 Cal.3d 412, 417 [194 Cal.Rptr. 357, 668 P.2d 664].)

■ The question of whether or not a family law case containing a child support order can be dismissed is certainly an important issue of public policy. Appellant is not precluded, then, from raising for the first time on appeal such an issue solely of law on undisputed facts, and so may raise the section 583.161 defense at this time.

### B. *Effect of section 583.161.*

■ Respondent urges that the provisions of section 583.161 prohibiting dismissal only apply to support or custody orders in a dissolution proceeding and not to the entire proceeding.

Civil Code section 4357, subdivision (b), provides in part: "[O]rders for child support entered pursuant to this section remain in full force and effect until revoked by the court or until the order terminates by operation of law . . ., notwithstanding that the proceeding has not been brought to trial within the time limits specified in Chapter 1.5 (commencing with Section 583.110) of Title 8 of Part 2 of the Code of Civil Procedure. . . ."

The limitation respondent urges is a limitation on the literal meaning of section 583.161, which clearly says that "no petition . . . shall be dismissed . . . ." We see nothing in the relevant statutes that supports the conclusion that the dismissal prohibition applies only to the support aspects of the dissolution proceeding.

Both Civil Code section 4357, subdivision (b), and Code of Civil Procedure section 583.161 were added to their respective codes by Statutes of 1986, chapter 366. No preexisting sections with similar language have been judicially construed. Neither have any cases been cited or discovered in which a petition brought under Civil Code section 4503 was dismissed after the effective date of section 583.161 for failure to prosecute.

Before the 1988 supplement was published, the following was the general statement found in a leading family law work: "Basically, a proceeding under the Family Law Act for dissolution of marriage, nullity of marriage, or legal separation of the parties may be dismissed on the same grounds and in the same manner as an ordinary civil action.

". . . . . . . . . . . . . . . . . . .

"[T]he proceedings may be dismissed under the circumstances and in the manner provided by Code of Civil Procedure Sections 581, 581c, 581d, and 583.110-583.430." (3 Markey, Cal. Family Law Practice and Procedure (1978) § 48.01, p. 48-7.)

It is only in the 1988 supplement to Markey that the following is found: "A petition for dissolution or legal separation shall not be dismissed for delay in prosecution if an order for child support has been issued in the proceeding and has not been revoked by the court or terminated by operation of law." (3 Markey, *supra*, (Mar. 1988 cum. supp.) § 48.06, p. 57.)

 " 'It is a settled principle of statutory construction that a material change in the phraseology of a legislative enactment is ordinarily viewed as showing an intention on the part of the Legislature to change the meaning of the statute. (*Twin Lock, Inc.* v. *Superior Court,* 52 Cal.2d 754, 761 [344 P.2d 788]; . . .)' " (*McDonough Power Equipment Co.* v. *Superior Court* (1972) 8 Cal.3d 527, 534, fn. 5 [105 Cal.Rptr. 330, 503 P.2d 1338]. See also *Balboa Ins. Co.* v. *Aguirre* (1983) 149 Cal.App.3d 1002 [197 Cal.Rptr. 250].)

 Both Civil Code section 4357, subdivision (b), and Code of Civil Procedure section 583.161 were enacted in 1986. Such enactments were intended by the Legislature to change existing law. The provisions of the new enactments are consistent with an intent that no family law actions that encompass child support orders be dismissed for failure to prosecute. Recognition of such an intent provides a full opportunity for reconciliations to occur between spouses who have children. It also satisfies the frequent need of children and spouses for the continuing protection and jurisdiction of the court. It is reasonable to conclude that the Legislature incorporated the view that counsel's neglect is never of such magnitude as to require termination of that protection and jurisdiction.

We therefore hold that the trial court erred in ordering that appellant's petition for dissolution of her marriage to respondent and for related relief be dismissed. That order is reversed and appellant is awarded her costs on appeal against respondent.

Ardaiz, J., and Sarkisian, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.