[No. E007655. Fourth Dist., Div. Two. July 25, 1990.]

ADEEB LAKKEES, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
NANCY J. LAKKEES, Real Party in Interest.

COUNSEL

James H. McDaniel for Petitioner.

No appearance for Respondent.

Tuckerman, Thompson & Sackey and Richard P. Langevin for Real Party in Interest.

OPINION

**HOLLENHORST, Acting P. J.**—In this original proceeding brought before this court via a petition for writ of prohibition or mandate, petitioner Adeeb Lakkees seeks to have the trial court compelled to dismiss real party Nancy Lakkees's petition for dissolution of marriage insofar as she seeks judgment on reserved issues. We issued the alternative writ and set the matter for hearing, but now deny relief, holding that the five-year statute is tolled during the period in which a child support order is in effect with respect to a child of the marriage under the age of eighteen years.[1]

Due to the narrow issue presented here, we need not recite the procedural or factual history of the case in detail. The petition for dissolution of marriage was filed by Nancy on March 3, 1983.[2]

There were four minor children of the marriage, the youngest of whom was born on September 25, 1971.

---

[1] We will refer to petitioner as Adeeb and real party as Nancy, for convenience only and not with any intended condescension or disrespect. We avoid the alternative use of "Husband" and "Wife," because the terms are now inaccurate and can only remind the parties of matters they would presumably rather forget.

[2] The petition is not part of the record. However, this date is given by Adeeb in his moving papers below, and is not contested. He and his attorney signed an acknowledgement of service on March 11, 1983, and his response was filed on September 14, 1983.

In his response to the petition, Adeeb agreed that the marriage should be dissolved. Presumably his request for an adjudication of property rights also mirrored that in Nancy's petition.

On October 14, 1983, Nancy moved to bifurcate the issue of status from the remaining issues, and to have status adjudicated. The minute order indicates that the motion to bifurcate was granted; Nancy was sworn and gave testimony, and the court granted an interlocutory judgment of dissolution. A judgment was signed by the court on the same date and entered October 17, 1983, indicating that neither Adeeb nor his counsel appeared at the hearing and also that the determination of status was a "default or uncontested" matter.

Nancy asserts that the "the parties have vigorously prosecuted this case" by reference to a docket entry attached to her answer. While that docket does reflect that the parties have been almost constantly in court from September 1987 on, it does not fill in the four-year gap preceding that date. The record does, however, also include a lengthy custody and support order entered in 1985. ■ In any event, as the motion was brought under the provisions for mandatory dismissal, not the discretionary provisions, the parties' diligence is not strictly relevant. (Cf. Code Civ. Proc., §§ 583.310, 583.410-583.420.)

On January 5, 1990, Adeeb filed a motion to dismiss for failure to bring to trial within five years under the mandatory dismissal statute. (Code Civ. Proc., § 583.310.) The trial court denied the motion, finding that there had been a "partial trial" of the case and citing *City of Los Angeles* v. *Superior Court* (1940) 15 Cal.2d 16 [98 P.2d 207].

Adeeb filed a petition for mandate or prohibition with this court; however, we summarily denied the petition due to the unexplained failure to submit an adequate record. (Cal. Rules of Court, rule 56 (c).) At that time trial was pending immediately, but it was continued until February 16, 1990, and this gave Adeeb the opportunity to file the instant petition on February 7, 1990, submitting at the same time a record adequate to permit intelligent review. Adeeb also obtained from the trial court a document entitled "Certification" in which the trial court explicitly stated that, in making its ruling, it relied on the determination of status in finding a "partial trial," and not the hearings in which pendente lite relief was sought.[3]

---

[3] We commend the trial court's willingness to explain its ruling, thus voluntarily running the risk of being publicly told that it was wrong. Although a naked "Motion denied" or "Motion granted" is more likely to be upheld, as a reviewing court may search for a legal ground on which it is correct (see *People* v. *Evans* (1967) 249 Cal.App.2d 254, 257 [57 Cal.Rptr. 276];

On this second application we issued the alternative writ.

## DISCUSSION

Our original concern, and the focus of the inquiry as presented to the trial court, was whether the determination of status constituted a "partial trial" so as to satisfy the requirements of the five-year statute. In her answering brief, however, Nancy raised for the first time the question of the tolling or extending provisions of Code of Civil Procedure section 583.350, read in conjunction with Code of Civil Procedure section 583.161. We now consider the case as presenting two separate issues, and consider them in sequence.

## I.

### Was There a "Partial Trial"?

#### A.

As the parties and the trial court recognized, where there has been a "partial trial," the five-year statute does not apply. (See *City of Los Angeles* v. *Superior Court, supra,* 15 Cal.2d 16, 20-22.) In a case tried to a jury, it is sufficient that the jury be impanelled and sworn, even if it is subsequently discharged. (*Hartman* v. *Santamarina* (1982) 30 Cal.3d 762, 765-767 [180 Cal.Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833].) Where a case is tried to the court, "trial" commences where one witness is sworn. (*Miller & Lux* v. *Superior Court* (1923) 192 Cal. 333, 342 [219 P. 1006].) In this case, Nancy was not only sworn, but also testified in the bifurcated status proceedings.

However, the question is not so easily resolved. Adeeb did not contest the dissolution itself and in fact concurred in Nancy's request. A default judgment is not a trial for the purposes of the five-year statute, and this is so even though there is a hearing involving evidence with respect to the judgment. (*Langan* v. *McCorkle* (1969) 276 Cal.App.2d 805, 809 [81 Cal.Rptr. 535].) As that court noted, "A trial is generally considered an adversary proceeding for the determination of a contested issue arising out of pleadings in which a fact or conclusion of law is maintained by one party and controverted by the other." (At p. 808; see also *Hendrix* v. *Hendrix* (1985) 171 Cal.App.3d 859, 862 [217 Cal.Rptr. 609].) In this context, it is apparent that Nancy's testimony (which is not part of the record) in support of the joint request for dissolution did not constitute a trial. Nothing with respect to the dissolution had been put in issue by the pleadings and nothing was

---

9 Witkin, Cal. Procedure (1985) Appeal, p. 266 et seq.), the trial court here recognized the interests of both the parties and this court in understanding the reasons for its decision.

We recognize that these comments may seem misplaced, given the proclivities of the courts of appeal for issuing the notoriously uninformative summary or "postcard" denials in writ proceedings. Do as we say, not as we do.

controverted; whether labelled "default" or "uncontested," the judgment did not result from a trial.[4]

We recognize that Civil Code section 4511 prohibits an automatic judgment of dissolution by default, and requires the presentation of evidence in support of the claimed grounds for dissolving the marriage. This provision is not unique in the law; in actions for damages a "prove-up" evidentiary hearing is commonly required before judgment may be entered (Code Civ. Proc., § 585, subd. (b)). As in *Langan v. McCorkle, supra,* if the opposing party has either defaulted or failed to dispute the essential allegations of the complaint, the fact that the law requires that some proof be made of the right to relief does not convert a hearing into a trial.

### B.

Another reason exists for rejecting this basis for the ruling below. As the Supreme Court has explained, in determining whether court activity constitutes a "partial trial," "[t]he essential thing is that the action be brought to a stage where final disposition is to be made of it." (*Berri v. Superior Court* (1955) 43 Cal.2d 856, 860 [279 P.2d 8].) Although it is immaterial that the prospective disposition of the action unravels, or even that the creation of a "partial trial" is a formality not realistically intended to lead to judgment (*Hartman v. Santamarina, supra,* 30 Cal.3d 762), it *is* essential that the proceedings which are urged as taking the case out of the five-year statute be capable of leading to a final disposition. (*Hendrix v. Hendrix, supra,* 171 Cal.App.3d at pp. 862-863.)

In the cases finding a sufficient trial, the entire case was calendared and set for hearing. Here, Nancy specifically sought to have the issue of status bifurcated. No trial date had been set for the reserved issues. Although the cases do not require that the plaintiff establish, as a matter of fact, that he is prepared to try the case to completion at the time of the partial trial (it is clear from the details of several of the cases that plaintiff was not so prepared), here the bifurcation made the legal fiction that the entire case was ready for disposition unsustainable.

Analogous is the determination of a motion for partial summary judgment or summary adjudication of issues. The determination of such a motion is not a "partial trial" for our purposes. (*Lemaire, Faunce & Katz-*

---

[4]*Briley v. Sukoff* (1979) 98 Cal.App.3d 405 [159 Cal.Rptr. 452], is not inconsistent with the principles discussed in *Langan.* In that case, the court held that a judgment did result from a "trial" where, although the opposing party failed to appear at trial, the pleadings had placed the facts in issue and the prevailing party put on "testimonial and documentary evidence." In distinguishing *Langan* and similar cases, the court stressed that it was dealing with a "contested lawsuit" and "the taking of evidence on the merits of issues put in controversy by the pleadings." (At p. 410.)

*nelson* v. *Cox* (1985) 171 Cal.App.3d 297, 301 [217 Cal.Rptr. 281].) Where the petitioner in an action for dissolution specifically requests bifurcation so that the marriage may be dissolved immediately, it cannot be said that the case has been "brought to a stage where final disposition is to be made of it."

## II.

### Was the Five-year Period Extended?

Nancy's argument depends on the interrelation of Code of Civil Procedure sections 583.161 and 583.350. The former reads "No petition filed pursuant to Section 4503 of the Civil Code shall be dismissed pursuant to this chapter [i.e., chapter 1.5 of title 8 of part 2, entitled "Dismissal for Delay in Prosecution"] if an order for child support has been issued in connection with the proceeding and the order has not been revoked by the court or has not terminated pursuant to sections 196, 196.5, and 4700 of the Civil Code." Code of Civil Procedure section 583.350 provides that "[i]f the time within which an action must be brought to trial pursuant to this article is tolled or otherwise extended pursuant to statute with the result that at the end of the period of tolling or extension less than six months remains within which the action must be brought to trial, the action shall not be dismissed pursuant to this article if the action is brought to trial within six months after the end of the period of tolling or extension."

As noted above, the trial court entered an order for child support in 1985. Nancy asserts, and Adeeb does not deny, that it remained in effect until the youngest children, the twins Robert and Adeeb, became 18 years old on September 25, 1989. Applying Code of Civil Procedure section 583.161, the action could not be dismissed until that date, although by then it was well over six years old. Nancy then argues that she had an additional six months in which to obtain a trial date. As the action was set for trial no later than February 16, 1990, it fell within the adjusted five-year period.

Adeeb argues in response that there is no need to apply Code of Civil Procedure section 583.350 in this case. His position has some appeal, although we reject it.

■ Adeeb points out that, as a rule, provisions which operate to toll or extend the five-year period involve situations in which it is not possible to bring the action to trial. Generally, Code of Civil Procedure section 583.340, relating to mandatory dismissals, provides that the time must be excluded from computation during which "(a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial for any other reason, was impossible, impracticable, or futile." In the usual situations,

such exclusion is required in the interests of fairness. If, for example, the court loses jurisdiction at some point during the pendency of an action, the resulting delay is not plaintiff's fault and he should not be penalized in the amount of time permitted him to bring the action to trial. (See *Herring* v. *Peterson* (1981) 116 Cal.App.3d 608 [172 Cal.Rptr. 240], applying the tolling provision even where plaintiff had the power to cure the loss of jurisdiction.) Similarly, in *Langan* v. *McCorkle, supra,* the court recognized that once a default judgment has been entered, it is certainly "impracticable" to do anything further to bring the case to trial, and the period during which the default is in effect is therefore excluded. (276 Cal.App.2d at pp. 807-808.) With respect to matters ordered to judicial arbitration, which obviously cannot be tried while they remain submitted to arbitration, Code of Civil Procedure section 1141.17 effects a similar, if less extensive, tolling.

As Adeeb states, in the situation in the case at bar nothing actually prevented Nancy from bringing the property issues to trial. In that sense the cases involving other tolling situations are distinguishable. ▮ ▮ However, Code of Civil Procedure sections 583.161 and 583.350 are not ambiguous, and where statutory language is clear, it is not for the courts to strain at the plain meaning, nor to "insert what has been omitted, or to omit what has been inserted." (Code Civ. Proc., § 1858; *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].) Code of Civil Procedure section 583.161, by forbidding dismissal of a family law action involving child support, effectively extends the period in which it may be brought to trial. This extension applies to *all* issues. (*In re Marriage of Hinds* (1988) 205 Cal.App.3d 1398, 1403 [253 Cal.Rptr. 170].) Once it terminates, Code of Civil Procedure section 583.350 allows a further six months in which to bring the action to trial.

▮ It is true that a corollary rule of construction requires a court, when faced with two possible interpretations, to reject one which would result in absurdity and to choose that which is reasonable. (*In re Eric J.* (1979) 25 Cal.3d 522, 537 [159 Cal.Rptr. 317, 601 P.2d 549].) ▮ However, while the construction urged by Adeeb is not unreasonable, neither is the one we reach absurd. Although Nancy was able to bring the property issues to trial at any time, factors may have existed which made it impracticable or unwise to do so; at least, such factors may exist in other cases. In some cases, keeping the dissolution open during the minority of the children may result in a reconciliation before irrevocable steps are taken. (*In re Marriage of Hinds, supra,* 205 Cal.App.3d at p. 1404.) If one spouse and the minor children are living in a home which is a community asset, it may be undesirable to compel a final resolution of property rights so long as the property is so used.

Other circumstances may well exist lending logical support to the rule we adopt; however, we need not search for further justification where, as we

have discussed, the statutes require no interpretation. As Nancy obtained a trial date well before the expiration of the six-month extension, the trial court correctly declined to dismiss the action.[5]

The alternative writ is discharged and the petition is denied. The stay of proceedings previously ordered by this court is dissolved.

McDaniel, J., and Timlin, J., concurred.

---

[5] We requested letter briefing on the application of Civil Code section 4353, enacted in 1989. That section provides that "In any action for legal separation or dissolution or annulment of a marriage, the court has continuing jurisdiction to award community property or community debts to the parties that has not been previously awarded by a judgment therein. A party may file a postjudgment motion or order to show cause in the proceeding in order to obtain adjudication of any community asset omitted or not awarded by the judgment. . ." The purpose of this statute was to remove the necessity of filing a separate action for partition or to determine interests, such as was done in *Henn* v. *Henn* (1980) 26 Cal.3d 323 [161 Cal.Rptr. 502, 605 P.2d 10]. (See 2 Hogoboom & King, Cal. Practice Guide Family Law, § 8.335 et seq.)

In light of our resolution of the issues above, we need not construe this statute in detail, although we note that it does not on its face bar a party from seeking a dismissal under Code of Civil Procedure section 583.310. However, its enactment underlines the logic of Nancy's position here. Adeeb does not deny that under prior law, Nancy could have filed a separate civil action for partition of the property; the only apparent purpose of these proceedings has been to compel her to do so. He argues that, in such an action, Nancy would be subject to the application of equitable principles in fashioning a remedy. However, Civil Code section 4353 also allows the court to make equitable adjustments in dividing an asset. (Cf. Civ. Code, § 4800, subd. (a).) We fail to see how any purpose but added expense would be served if Nancy were thrown out of the family law court on Monday, and filed a civil action on Tuesday.

We also question Adeeb's argument that a dismissal would not be a "judgment" entitling Nancy to bring a motion under Civil Code section 4353. As defined in Code of Civil Procedure section 577, a "judgment" is the "final determination of the rights of the parties in an action or proceeding." Where a dismissal is entered by the court, a written order is required which *constitutes a judgment* under the express terms of Code of Civil Procedure section 581d. His arguments that a dilatory party who suffers an involuntary dismissal should be barred from the postjudgment relief available under Civil Code section 4353 are not supported by any statutory language.

Of course, if the marriage had not been dissolved in the bifurcated proceeding, the entire action could simply be refiled.