[No. C020588. Third Dist. May 30, 1996.]

In re the Marriage of KATHLEEN and SIDNEY B. DUNMORE.
KATHLEEN DUNMORE, Appellant, v.
SIDNEY B. DUNMORE, Respondent.

1374

## Counsel

Judith A. Wiswell for Appellant.

Eisen & Johnston, Jay-Allen Eisen, Marian M. Johnston, Dick, Hemmer & Wagner and Anthony S. Dick for Respondent.

## Opinion

**BLEASE, Acting P. J.**—Kathleen Dunmore (Kathleen) appeals from an order of dismissal, under Code of Civil Procedure sections 583.310-583.360,[1] for failure to bring to trial within five years after the action was commenced the issues remaining after dissolution of her marriage to Sidney Dunmore (Sidney).

 A judgment dissolving the status of the marriage was entered prior to the expiration of five years from commencement of the action. The judgment followed an uncontested, bifurcated proceeding, as authorized by Family Code section 2337. There remained to be resolved issues of child support, spousal support and property.[2]

The trial court ruled that the bifurcated proceeding did not constitute a "trial" within the meaning of the dismissal statutes because it was uncontested. Kathleen claims that dismissal is barred under section 583.161, subdivision (c), which provides that a petition for dissolution of the marriage shall not be dismissed if "a separate trial on the issue of the status of the marriage has been conducted pursuant to Section 2337 of the Family Code."

We agree. We will conclude that "trial," as used in section 583.161, includes an adjudication of the status of the marriage in a judgment, whether the proceeding for dissolution of the status of the marriage is contested or uncontested.

We will reverse the judgment (order of dismissal).

### Statement of Facts and Procedural Background

Kathleen filed the petition to dissolve the 16-year marriage on November 18, 1988, on the ground of irreconcilable differences. On May 11, 1990, Sidney filed a response, also requesting dissolution of the marriage on this ground. On July 12, 1991, the court approved a stipulation bifurcating the issue of status of the marriage to be set for an uncontested hearing upon the request of either party.

The issue of the dissolution of the status of the marriage was heard in an uncontested proceeding on October 18, 1991. Sidney testified that the

---

[1]All references to a section are to the Code of Civil Procedure unless otherwise indicated.

[2]Subdivision (c) of Family Code section 2337 provides: "A judgment granting a dissolution of the status of the marriage shall expressly reserve jurisdiction for later determination of all other pending issues."

differences were irreconcilable and the court rendered a judgment of dissolution terminating the marital status on that date. A judgment of dissolution of marriage was entered the same day.

On October 20, 1994, Sidney requested that the court dismiss the matter on its own motion under section 583.360. The court issued an order to show cause why it should not dismiss the matter. The matter was continued and eventually came on for hearing on January 27, 1995.

Kathleen argued that the trial court should not dismiss the matter because she accepted what Sidney said he could afford to pay in child and spousal support and agreed to delay action in the case until Sidney could afford to fund the litigation.[3] In the alternative she argued that the case should not be dismissed under section 583.161, subdivision (c), because there was a "bifurcation trial in this case."

The trial court decided that section 583.161, subdivision (c), is inapplicable to prevent dismissal because the issue of termination of the status of the marriage was uncontested, hence, there was no "trial." It ordered that the proceeding be dismissed.

## DISCUSSION

### I

Section 583.310 provides that: "An action shall be brought to trial within five years after the action is commenced against the defendant." Section 583.360, subdivision (a) implements this provision in directing that the action must be dismissed upon notice to the parties if it is not brought to trial within this time limit.[4] A similar provision has been part of the statutory law since Statutes of 1905, chapter 271, page 244.

Once a "trial" has commenced the rule is satisfied. The term "trial" has different meanings in different contexts. (See, e.g., *McDonough Power Equipment Co.* v. *Superior Court* (1972) 8 Cal.3d 527, 530 [105 Cal.Rptr. 330, 503 P.2d 1338] ["trial" as defined in the new trial statute does not mean the same as "trial" as used in the five-year dismissal statute].) Whether a "partial trial" counts as a "trial" for purposes of the dismissal statutes has

---

[3]Sidney replied that Kathleen failed to provide an adequate factual showing for estoppel. He represented that he had paid substantial sums to Kathleen pendente lite, including, among other things, "$9,000 a month in cash."

[4]Section 583.360, subdivision (a), provides that: "An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article."

given rise to numerous appellate opinions. (See, e.g., 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, §§ 150-156, pp. 457-464, and cases cited therein.)

We briefly set out the lines of definition traced by the case law. The archetypal "trial" occurs when all of the issues tendered by the pleadings are heard before a trier of fact resulting in a decision upon which is entered one final judgment. Once such a trial is commenced, the five-year statute is satisfied regardless whether the trial proceeds immediately and continuously to such a resolution. (See, e.g., *City of Los Angeles* v. *Superior Court* (1940) 15 Cal.2d 16, 19-22 [98 P.2d 207].)

■ Certain proceedings may not qualify. Preliminary law and motion hearings, even though contested and involving the resolution of disputed issues of fact, may not qualify. (See, e.g., *Superior Oil Co.* v. *Superior Court* (1936) 6 Cal.2d 113 [56 P.2d 950], preliminary injunction.) An uncontested hearing to prove up damages for a default judgment, while subject to a new trial motion (see *Don* v. *Cruz* (1982) 131 Cal.App.3d 695, 704-705 [182 Cal.Rptr. 581]), is not a "trial" for purposes of the dismissal statute. (*Langan* v. *McCorkle* (1969) 276 Cal.App.2d 805 [81 Cal.Rptr. 535].) However, an uncontested hearing on the facts held after the defendant files an answer but fails to appear at the time set for trial, is a "trial" within the meaning of the dismissal statutes. (*Briley* v. *Sukoff* (1979) 98 Cal.App.3d 405, 410 [159 Cal.Rptr. 452].)

In some situations a hearing may count as a trial for purposes of the dismissal statutes even though no issues of fact are determined. Generally speaking, a trial is the (final) determination of an issue of law or fact. (See *Berri* v. *Superior Court* (1955) 43 Cal.2d 856, 859 [279 P.2d 8].) Hence, an order sustaining a demurrer without leave to amend is viewed as a "trial" for purposes of the dismissal statutes where a judgment of dismissal ordinarily would follow as a matter of course. (*Id.* at pp. 860-861.) However, where leave to amend is granted following an order sustaining a demurrer, the order does not constitute a "trial" because it is not a " ' "final determination of the rights of the parties." ' " (E.g., *Ross* v. *George Pepperdine Foundation* (1959) 174 Cal.App.2d 135, 139 [344 P.2d 368].)

■ The grant of a motion for summary judgment on the law for lack of a triable issue of fact, like an order sustaining a demurrer without leave to amend, is a "trial" for purposes of the dismissal statutes. (*Southern Pacific Co.* v. *Seaboard Mills* (1962) 207 Cal.App.2d 97, 104 [24 Cal.Rptr. 236].) However, (at least under the 1965 amendment of the summary judgment statute) an order granting the defendant's motion for partial summary judgment is not a "trial" because it is not a "final disposition" of the action. (*King*

v. *State of California* (1970) 11 Cal.App.3d 307, 311-312 [89 Cal.Rptr. 715]; summary judgment statute then in effect "by implication, permits an appeal only after the trial court enters a judgment disposing of the entire lawsuit.")

The application of this case law on partial trials to an interlocutory judgment of dissolution of marriage was tendered in *Lakkees* v. *Superior Court* (1990) 222 Cal.App.3d 531 [271 Cal.Rptr. 845]. The husband in a marital dissolution proceeding petitioned for a writ of mandate to compel the lower court to dismiss the wife's petition for failure to bring the matter to trial within five years. The Court of Appeal denied the writ on the ground there was an outstanding order for child support which precluded dismissal under section 583.161. (222 Cal.App.3d at pp. 538-539.) Before reaching that ground the court rejected the wife's claim that an interlocutory judgment dissolving the status of the marriage barred dismissal under the partial trial doctrine. It did so on two grounds.

It first noted that the bifurcated hearing on marital status was uncontested. *Lakkees* analogized this proceeding to a prove-up hearing following the entry of default in an ordinary civil action, which, as noted, was held not to be a "trial" for purposes of the dismissal statute in *Langan* v. *McCorkle, supra,* (*Lakkees* v. *Superior Court, supra,* 222 Cal.App.3d at pp. 536-537.) *Lakkees* also analogized this proceeding to a motion for partial summary judgment or summary adjudication of issues, citing *Lemaire, Faunce & Katznelson* v. *Cox* (1985) 171 Cal.App.3d 297, 301 [217 Cal.Rptr. 281], a case following *King, supra* (*Lakkees, supra,* 222 Cal.App.3d at pp. 537-538.) In *Lemaire,* like *King,* the partial summary judgment was granted the defendant and could not result in a final judgment prior to the entry of a final judgment.

*Lakkees* is the focal point of the parties' arguments in this case.

II

Kathleen contends that section 583.161, subdivision (c), bars dismissal for failure to prosecute this proceeding.

Sidney, relying on *Lakkees,* contends the section is inapplicable because an uncontested proceeding regarding the status of the marriage is not a "trial." Kathleen replies that *Lakkees*'s views on the meaning of "trial" are dicta (see *In re Marriage of Macfarlane & Lang* (1992) 8 Cal.App.4th 247, 256 [10 Cal.Rptr.2d 157]) and incorrect.

We need not resolve these latter claims for they do not address the pertinent statute. *Lakkees*'s views on the meaning of the word "trial," correct

or not, are addressed to the meaning of the term in different statutes (§§ 583.310-583.360).

At issue is the meaning of "trial" in section 583.161.[5] As noted, it provides that a petition for dissolution of the marriage shall not be dismissed if: "a separate trial on the issue of the status of the marriage has been conducted pursuant to Section 2337 of the Family Code." The section also contains two other exceptions from the dismissal statutes which are specific to proceedings involving marital status. This implies that they are addressed to the characteristics and policies of such proceedings.

The common thread running through the exceptions is that issues of family support are intertwined with issues of marital status and property rights. (See also Fam. Code, § 2337, subd. (c).) Which party initiates a marital dissolution proceeding is inherently a matter of happenstance. The state has an unusual parental (for lack of a better word) interest in ensuring there are no loose ends attending the adjudication of the interrelated issues of status and family support.[6] The dismissal of the action after the resolution of one but not the other of these interrelated issues risks defeat of the state's interest.

In light of these considerations, it is reasonable to read subdivision (c) of section 583.161 as barring the unilateral dismissal of the action for lack of prosecution by the nominal respondent, on the issues remaining after the status of the marriage has been resolved in a bifurcated proceeding under Family Code section 2337. We read "trial" in subdivision (c) as encompassing the final determination of the status of the marriage, as employed in *Berri, supra,*

The alternative is to accept Sidney's claim that "trial," as used in subdivision (c) of section 583.161, bears the same meaning as *Lakkees* discerned

---

[5]Section 583.161, with the additions of Statutes of 1994, chapter 1269, shown in italics, is as follows:

"No petition filed pursuant to Section 2330 of the Family Code shall be dismissed pursuant to this chapter if *any of the following conditions exist:*

*"(a)* An order for child support has been issued in connection with the proceeding and the order has not been (1) terminated by the court or (2) terminated by operation of law pursuant to Sections 3900, 3901, 4007, and 4013 of the Family Code.

*"(b)* An order for spousal support has been issued in connection with the proceeding and the order has not been terminated by the court.

*"(c)* The petition is for dissolution of the marriage and a separate trial on the issue of the status of the marriage has been conducted pursuant to Section 2337 of the Family Code."

[6]For example, even where there is an ostensible, final and complete judgment the parties may nonetheless litigate issues of property rights that are not expressly adjudicated by that judgment. (See *Henn* v. *Henn* (1980) 26 Cal.3d 323 [161 Cal.Rptr. 502, 605 P.2d 10]; Fam. Code, § 2556; *Lakkees* v. *Superior Court, supra,* 222 Cal.App.3d at p. 540, fn. 5.) The same may also be true as to spousal support in a marriage of long duration. (See Fam. Code, § 4336.)

in the dismissal statutes and requires a contested proceeding. We reject this alternative because it renders subdivision (c) of section 583.161 superfluous. If "trial" encompasses the narrowest reading applicable under the dismissal statutes, the work of subdivision (c) of section 583.161 has already been accomplished by their grammar. The Legislative Counsel's Digest of the bill by which the amendment of section 583.161 was enacted relates that it "would create 2 additional exceptions to the requirement for bringing a civil action to trial within 5 years." (Legis. Counsel's Dig., Assem. Bill No. 2208 (1993-1994 Reg. Sess.).) But, if "trial," as used in the amendment, means the same as "trial" in the existing five-year dismissal statutes, the amendment provides no exception at all, much less an additional exception.

Finally, the reference in section 583.161, subdivision (c), is to a "trial" conducted pursuant to Family Code section 2337. That section does not distinguish between contested and uncontested proceedings. Contested proceedings are rare. It is not to be expected that the Legislature would use the unqualified term "trial" to exclude the ordinary form of the Family Code section 2337 proceeding.

For these reasons, we conclude that section 583.161, subdivision (c), bars dismissal, under the five-year statute, of the action on the issues remaining after the entry of a judgment dissolving the marriage pursuant to a severance of that issue under Family Code section 2337.

### III

Section 583.161, subdivision (c) was enacted in 1994, effective January 1, 1995. (Stats. 1994, ch. 1269, § 3.) This action was commenced in 1988 and the marriage was dissolved by a judgment entered on October 18, 1991. Sidney contends that section 583.161 cannot be applied because to do so would violate fundamental principles against the retroactive application of statutes that substantially alter rights in pending lawsuits. As we will show, there is no such impediment in this case.

Sidney argues that statutes are ordinarily construed to operate prospectively absent an express declaration of retroactivity. He acknowledges that procedural statutes are outside the ambit of this rule because they operate on existing causes; hence, it is a misnomer to call them "retroactive." (See *Morris* v. *Pacific Electric Ry. Co.* (1935) 2 Cal.2d 764, 768 [43 P.2d 276].) However, he notes that the distinction between procedural and substantive legislation turns more on the effect of the statute than its form. (See *Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 394 [182 P.2d 159].) To take advantage of the distinction Sidney claims that the reading we

give section 583.161 deprives him of an existing right to have this case dismissed.

Sidney's argument is unpersuasive for reasons similar to those we gave in *Mahon* v. *Safeco Title Ins. Co.* (1988) 199 Cal.App.3d 616 [245 Cal.Rptr. 103]. In that case a statute provided that administrative adjudication of an issue in an unemployment compensation proceeding was not to be given collateral estoppel effect. The employer argued that the statute should not be given prospective effect because under case law preceding the enactment it had a right to the application of collateral estoppel. We rejected the claim because we found the point unsettled under the antecedent case law. This warranted deference to the Legislature's resolution of the question in pending cases. (*Id.* at p. 623.)

In this case Sidney claims that he had a right to dismissal under the law prior to the 1994 amendment of section 583.161. Here, as in *Mahon* (199 Cal.App.3d at pp. 619-620), the new statute is procedural in form. We find the "right" to such a dismissal was unsettled under the antecedent law, just as the "right" in issue in *Mahon* (*id.* at pp. 621-623).

Because of the various usages of the term "trial" the question whether an adjudication of the bifurcated issue of the status of a marriage would be counted as a "trial" under the antecedent dismissal statutes was not clear. *Lakkees* said no, but this view is dicta. Dicta may have persuasive effect in a subsequent decision, but it is not precedent. (See, e.g., 9 Witkin, Cal. Procedure, *supra*, Appeal, §§ 783-785, pp. 753-756.)

The *Lakkees* dicta is not sufficiently persuasive to *compel* adherence in a subsequent case because it fails to attend to the potential distinction between a partial judgment of dissolution of marriage in a marital dissolution proceeding and the grant of a motion for partial summary judgment in an ordinary civil action. The pertinent point is that the partial judgment in the marital dissolution proceeding is a final, albeit not complete, judgment. This means that the reasoning in *King*, *supra*, and its progeny, *Lemaire*, *supra*, upon which *Lakkees* relies, does not squarely apply. *King* and *Lemaire* each involved a motion for a partial summary judgment which could not become final prior to the completion of the case and the entry of a final judgment. No prior case concerns a partial judgment which could become final prior to completion of the case. As noted, *King* and *Lemaire* involved a motion for partial summary judgment in favor of the defendant. In such a case there is no inconsistency between the inchoate partial summary judgment and the dismissal. A more difficult question would be presented if the plaintiff's motion for partial summary judgment had been granted, since dismissal of

the entire proceeding seems inconsistent with the earlier adjudication. Similarly, a dismissal of the marital dissolution proceeding after a judgment of dissolution of the marriage would tender a question of compatibility with the earlier judgment. Thus, setting *Lakkees* aside, it is unclear whether under the prior law Sydney would have prevailed.

In these circumstances, as in *Mahon* (199 Cal.App.3d at p. 623), there is no good reason not to defer to: "the Legislature's resolution of unsettled questions . . . as definitive."

## DISPOSITION

The judgment (order of dismissal) is reversed. Kathleen shall recover her costs of this appeal.

Davis, J., and Nicholson, J., concurred.

Respondent's petition for review by the Supreme Court was denied August 28, 1996.